March 19, 2020

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

                RE:    *State of New York v. Chad F. Wolf*, 20 Civ. 1127 (S.D.N.Y.)
                        *Lewis-McCoy v. Chad Wolf*, 20 Civ. 1142 (S.D.N.Y.)

Dear Judge Furman:

      Pursuant to the Court's February 24, 2020 Notice of Initial Pretrial Conference (ECF No. 13), the parties in the above-captioned matter submit a joint letter in anticipation of the initial pretrial conference scheduled for March 26, 2020 at 4:00 p.m.

    **I.**        **Brief statement of the nature of the action and the principal defenses thereto.**

    <u>**Plaintiffs' Position**</u>

      Plaintiffs bring these actions against the federal government's unconstitutional and unlawful decision to prohibit New York residents from enrolling or re-enrolling in the U.S. Department of Homeland Security's ("DHS") "Trusted Traveler" programs, which ordinarily permit qualified residents and businesses to be pre-screened in order to expedite traveler processing at points of entry. In *State of New York*, Plaintiff is challenging the prohibition applied to each of the Trusted Traveler programs: Global Entry, NEXUS, SENTRI, and FAST. In *Lewis-McCoy*, Plaintiffs challenge only the prohibition applied to Global Entry.

      By letter dated February 5, 2020, Defendants notified the New York Department of Motor Vehicles ("DMV") of its decision to ban New Yorkers from enrolling or re-enrolling in the Trusted Traveler programs, effective immediately. The letter identified the state's Driver's License Access and Privacy Act — commonly known as the "Green Light Law" — as the sole reason for its decision. Enacted eight months earlier, the Green Light Law permits all eligible state residents to obtain a driver's license without regard to citizenship or immigration status and bars release of drivers' personal information to federal immigration enforcement agencies except when pursuant to a court order or judicial warrant. *See* Ch. 37, 2019 N.Y. Laws.

      In both *State of New York* and *Lewis-McCoy*, Plaintiffs allege that Defendants' abrupt decision violates the Tenth Amendment to the Constitution and Section 706(2) of the Administrative Procedure Act ("APA"). In *State of New York*, the Plaintiff also alleges that the Defendants' actions violate the Fifth Amendment to the Constitution. Plaintiffs seek declaratory and injunctive relief to enjoin Defendants from denying New Yorkers their legal and constitutional right to participate in the Trusted Traveler programs.

**Defendants' Position**

The Green Light Law prohibits the disclosure of information maintained by New York's DMV to "any agency that primarily enforces immigration law," except where the disclosure is mandated pursuant to a court order or judicial warrant or permitted by a cooperative arrangement between city, state, and federal agencies. *See* Ch. 37, 2019 N.Y. Laws. Two days before that law took effect on December 14, 2019, New York eliminated several DHS components' access to New York DMV records. These DHS components relied on DMV records to perform important law-enforcement activities necessary to promote national security and administer several programs, including the Trusted Traveler programs. As a result, on February 5, 2020, DHS informed New York's DMV that New Yorkers would no longer be eligible to enroll or re-enroll in one such set of programs—the Trusted Traveler programs. Plaintiffs challenge this decision.

Defendants intend to argue that Plaintiffs have failed to state a claim under the Fifth and Tenth Amendments. They further intend to argue that Acting Secretary Wolf's February 5, 2020 decision was in accordance with the broad statutory objectives identified by the Plaintiffs, that it was not arbitrary, nor capricious, and that the APA's notice-and-comment rulemaking provision is not applicable.

**II.    Brief explanation of why jurisdiction and venue lie in this Court.**

**Plaintiffs' Position**

Plaintiffs assert that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2201(a), as well as under the judicial review provisions of the APA, 5 U.S.C. § 702. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and (e)(1). Defendants are United States agencies or officers sued in their official capacities. Plaintiff State of New York is a resident of this judicial district. Plaintiffs R. L'Heureux Lewis-McCoy, Jamil Dakwar, and John Harland Giammatteo are also residents of this judicial district.

**Defendants' Position**

At this stage in the litigation, Defendants take no position on whether jurisdiction lies in this Court, which Plaintiffs bear the burden of establishing. Defendants do not intend to contest venue.

**III.   Statement of all existing deadlines, due dates, and/or cut-off dates.**

Pursuant to Rule 12(a)(2) of the Federal Rules of Civil Procedure, Defendants have until April 13, 2020 to serve an answer or file a motion to dismiss. If the *Lewis-McCoy* Plaintiffs file an amended complaint on April 1, 2020, Defendants will have until April 15, 2020 to serve an answer or file a motion to dismiss. *See* Fed. R. Civ. P. 15(a)(3).

IV. **Brief description of any outstanding motions**.

There are currently no outstanding motions.

V. **Brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

No discovery has taken place. The parties do not believe that discovery will contribute to meaningful settlement negotiations.

VI. **Prior settlement discussions, including the date, parties involved, and the approximate duration of such discussions, if any.**

For the Court's awareness, the Governor of the State of New York had at least one conversation with the President of the United States (during an in-person meeting on February 13, 2020) about lifting the Trusted Traveler Ban, but the parties in *State of New York v. Wolf* do not consider that conversation a settlement discussion.

The *Lewis-McCoy* Plaintiffs had had no settlement discussions with Defendants.

VII. **Statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms.**

Due to the nature of this action, the parties do not believe that a settlement conference before a Magistrate Judge; participation in the District's Mediation Program; and/or retention of a privately retained mediator would be productive at this time.

VIII. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

    a. *Aligning the* State of New York *and* Lewis-McCoy *actions*.

**Plaintiffs' Position**

Plaintiffs in both actions believe that coordination or partial consolidation with regard to scheduling and discovery is appropriate. Plaintiffs agree to be subject to the same case management plan and scheduling order. To minimize duplicative filings, Plaintiffs intend to file joint briefs when possible, but may file separate briefs when necessary to address each party's unique claims. Should this case proceed to discovery, Plaintiffs believe that partial consolidation for discovery purposes is also warranted.

Plaintiffs respectfully request that the Court defer a decision on formal consolidation for remaining purposes. The Court has broad discretion to limit consolidation to particular issues. *See* 8 Moore's Fed. Practice § 42.10[2][a] (3d ed. & Supp. 2018) (citing cases).

**Defendants' Position**

Defendants believe that consolidation of these two matters in full is appropriate. Both complaints challenge the same DHS action, raise essentially the same claims, and arise under the same facts.

b. *Scheduling for early motions practice*.

The parties agree that expeditious resolution of this case will benefit all parties, and, accordingly, propose an expedited schedule for motions practice.

**Plaintiffs' Position**

Plaintiffs in the *Lewis-McCoy* action intend to file an amended complaint on April 1, 2020. They do not anticipate that their amended complaint will impact the parties' positions on scheduling.

Plaintiffs' position is that Defendants should file their anticipated motion to dismiss on Plaintiffs' constitutional claims in accordance with the standard 60-day deadline under Rule 12(a)(2) and Rule 15(a)(3), which is April 13, 2020. Plaintiffs in the *Lewis-McCoy* action intend to file a motion for class certification on that same day, April 13. Plaintiffs propose that oppositions to the motions be due April 27, 2020 and replies be due May 4, 2020.

If the Court allows some or all of Plaintiffs' constitutional claims to proceed, Plaintiffs believe discovery on those claims is both permissible and warranted. Plaintiffs propose the expedited discovery schedule outlined in the attached proposed civil case management plan and scheduling order. *See* Ex. A.

Plaintiffs agree with Defendants' proposed deadline of April 24, 2020 for the production of the administrative record for adjudication of Plaintiffs' APA claims. To the extent Defendants withhold any documents from the administrative record on a claim of privilege, Plaintiffs believe a privilege log should be produced with the administrative record identifying those materials and substantiating the claim of privilege. *New York v. ICE*, 19 Civ. 8876 (JSR), 2020 WL 604492 (Feb. 9, 2020).

Plaintiffs do not at this time have a position on whether completion of the administrative record, or extra-record discovery on their APA claims, will be warranted. Plaintiffs propose to make any such application following review of the record. To the extent that Plaintiffs' review confirms the need for completion of the record or for extra-record discovery, Plaintiffs propose to seek that discovery on the same schedule outlined in the attached proposed civil case management plan and scheduling order. *See* Ex. A.

Should Plaintiffs' constitutional claims survive Defendants' motion to dismiss, Plaintiffs propose that the Court order the parties to brief the constitutional and APA claims on cross-

4

motions for summary judgment on a schedule to be determined following the production of the administrative record and completion of discovery.

      Plaintiffs seek that this Court order a briefing schedule as follows:

| | |
|---|---|
| Defendants' Motion to Dismiss | April 13, 2020 |
| Defendants' Production of the Administrative Record | April 24, 2020 |
| Plaintiffs' Opposition to Motion to Dismiss | April 27, 2020 |
| *Lewis-McCoy* Class Certification Motion | April 27, 2020 |
| Defendants' Reply | May 4, 2020 |
| Defendants' Opposition to Class Certification | May 4, 2020 |

### **Defendants' Position**

Defendants believe that they can file a fully dispositive joint motion for summary judgment as to Plaintiffs' APA claims and to dismiss Plaintiffs' constitutional claims after filing an Administrative Record with the Court. Accordingly, Defendants respectfully request that the Court enter the following briefing schedule:

1. Plaintiffs will amend their complaints no later than April 1, 2020;

2. Defendants will file an Administrative Record with the Court no later than April 24, 2020;

3. Defendants will file a joint motion to dismiss Plaintiffs' constitutional claims and for summary judgment on Plaintiffs' APA claims no later than May 15, 2020;

4. Plaintiffs will file their opposition to Defendants' motion and any cross-motion for summary judgment no later than June 5, 2020;

5. Defendants will file a reply brief in support of their motion and their opposition to Plaintiffs' cross-motion for summary judgment no later than June 26, 2020; and

6. Plaintiffs will file their reply brief in support of any cross-motion for summary judgment no later than July 17, 2020.

This schedule will likely be fully dispositive of the claims before the Court. For example, this schedule would facilitate a fully dispositive outcome should either Plaintiffs or Defendants prevail on their respective motions in their entirety, or in the circumstance where Defendants prevail on their motion to dismiss, but Plaintiffs prevail on their motion for summary judgment.

The only circumstance where this schedule would not facilitate a fully dispositive outcome would be if Defendants prevail on their summary judgment motion, but Plaintiffs prevail in their opposition to Defendants' motion to dismiss. However, this is an unlikely result given the strict standards which apply to the Fifth and Tenth Amendment claims raised by Plaintiffs. Accordingly, Defendants believe that this proposed briefing schedule serves the interest of judicial economy and will result in expedient disposition of this case.

If Plaintiffs wish to reserve the right to seek discovery or to request that Defendants supplement the Administrative Record, Defendants do not object to modifying the proposed briefing schedule to provide time to allow them to do so. However, Defendants reserve the right to oppose a request for discovery or to supplement the Administrative Record.

Defendants do not believe that the *Lewis-McCoy* Plaintiffs' proposed motion for class-certification should be briefed until after the Court determines whether the complaints state viable claims that cannot be decided on Defendants' proposed motion to dismiss the Fifth and Tenth Amendment claims and the parties' proposed cross-motions for summary judgment.

    c.  *Scheduling of discovery*

**Plaintiffs' Position**

Discovery on Plaintiffs' constitutional claims is permissible and warranted notwithstanding that Plaintiffs have also pled claims for relief under the APA. *See, e.g.*, *New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 667-69 (S.D.N.Y. 2019), *aff'd in relevant part sub nom. Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019). Plaintiffs propose that discovery proceed on the schedule outlined in the attached proposed civil case management plan and scheduling order. *See* Ex. A.

**Defendants' Position**

Defendants do not consent to Plaintiffs' Proposed Case Management Plan and Scheduling Order. Defendants believe that discovery is not necessary in this matter, as Plaintiffs challenge an agency decision and Defendants intend to file the Administrative Record supporting the February 5, 2020 decision. *See, e.g.*, *National Audubon Soc. v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997) ("Generally, a court reviewing an agency decision is confined to the administrative record compiled by that agency when it made the decision."). At a minimum, Defendants request that the parties be permitted to propose a Case Management Plan and Scheduling Order after Defendants' proposed motions are decided.

                    Respectfully,

                      GEOFFREY S. BERMAN
                      United States Attorney

                      /s/ Zachary Bannon
        BY:  CHRISTOPHER K. CONNOLLY
              ELIZABETH J. KIM

                    ZACHARY BANNON
*Assistant United States Attorneys*
United States Attorney's Office for the
Southern District of New York
86 Chambers St., 3rd Floor
New York, NY 10007
Tel. (212) 637-2728
Zachary.Bannon@usdoj.gov

By: */s/ Matthew Colangelo*

Matthew Colangelo
  *Chief Counsel for Federal Initiatives*
Elena Goldstein, *Deputy Chief, Civil Rights Bureau*
Daniela Nogueira, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Tel. (212) 416-6057
matthew.colangelo@ag.ny.gov

*Attorneys for the State of New York*

By: */s/ Antony P.F. Gemmell*

Antony P.F. Gemmell
Molly K. Biklen
Jessica Perry
Jordan Laris Cohen*
Christopher T. Dunn
New York Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
Tel. (212) 607-3320
agemmell@nyclu.org

\* application for admission to the Southern District
  of New York forthcoming

*Attorneys for the Plaintiffs and the Putative
  Class in* Lewis-McCoy v. Wolf

7