

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 8, 2020

**By ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:   *New York v. Chad Wolf, et al.*, No. 20 Civ. 1127 (JMF) (S.D.N.Y.)
            *Lewis-McCoy, et al. v. Chad Wolf, et al.*, No. 20 Civ. 1142 (JMF) (S.D.N.Y.)

Dear Judge Furman:

      This Office represents Chad Wolf, Acting Secretary of Homeland Security; Mark Morgan, Acting Commissioner of U.S. Customs and Border Protection; the Department of Homeland Security; and U.S. Customs and Border Protection (together "Defendants") in the above-captioned actions. During the March 26, 2020, initial pretrial conference in these matters, Your Honor ordered that Defendants produce a privilege log one week after submission of the administrative record in these actions but permitted Defendants to submit a letter brief setting forth its opposition to such production. For the reasons that follow, Defendants oppose production of a privilege log—in particular before Defendants' production of the administrative record. Defendants respectfully request that the Court defer judgment on whether submission of a privilege log is appropriate in these cases until after Defendants have filed the administrative record.

### I.   Production of a Privilege Log Is Not Necessary Because Privileged Materials Are Not Part of the Administrative Record.

      The foundation of judicial review under the Administrative Procedure Act ("APA") is determinations made upon "review [of] the whole record." 5 U.S.C. § 706. "Generally, a court reviewing an agency decision is confined to the administrative record compiled by that agency when it made the decision." *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997). "What will constitute an adequate record for meaningful review may vary with the nature of the administrative action to be reviewed." *United States v. Nova Scotia Food Products Corp.*, 568 F.2d 240, 249 (2d Cir. 1977). And an "agency's designation of the administrative record 'is generally afforded a presumption of regularity.'" *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 309 (S.D.N.Y. 2012) (quoting *State of Delaware Dep't of Nat. Res. & Envtl. Control v. U.S. Army Corp of Engineers*, 722 F. Supp. 2d 535, 542 (D. Del. 2010)).

When producing an administrative record, agencies do not include deliberative or otherwise privileged materials, as they are not properly considered to be part of the record. *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("predecisional and deliberative documents are not part of the administrative record to begin with") (internal quotation marks omitted); *Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 312 ("[C]ourts have consistently recognized that, for the purpose of judicial review of agency action, deliberative materials antecedent to the agency's decision fall outside the administrative record."); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008) ("A complete administrative record, however, does not include privileged materials, such as documents that fall within the deliberative process privilege, attorney-client privilege, and work product privilege."). That is because judicial review of agency action is "based on the agency's stated justification, not the predecisional process that led up to the final, articulated decision." *Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 312.

Because deliberate and privileged materials are not part of the record, courts across the country have held that it is unnecessary to produce a privilege log of these materials in tandem with an administrative record. *See, e.g.*, *Oceana*, 920 F.3d at 865 ("The District Court correctly observed that predecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record.") (internal quotation marks omitted); *Stand Up for California! v. United States Dep't of Interior*, 71 F. Supp. 3d 109, 122–23 (D.D.C. 2014) ("It is well established in this District that materials protected by the deliberative process privilege are not part of the Administrative Record for purposes of review of agency action … [and] [a]s a corollary to this principle, the agency need not provide a privilege log of the documents withheld pursuant to the privilege.") (internal quotation marks omitted); *Outdoor Amusement Bus. Ass'n, Inc. v. Dep't of Homeland Sec.*, No. 16 Civ. 1015, 2017 WL 3189446, at *22 (D. Md. July 27, 2017) ("[N]o privilege log is required for deliberative materials that are not properly part of the administrative record in the first instance."); *Great Am. Ins. Co. v. United States*, No. 12 Civ. 9718, 2013 WL 4506929, at *8 (N.D. Ill. Aug. 23, 2013) ("The law is clear: [since] predecisional and deliberative documents are not part of the administrative record to begin with, . . . they do not need to be logged as withheld from the administrative record.") (internal quotation marks omitted); *Tafas*, 530 F. Supp. 2d at 801 ("[I]t would be unfair to criticize [the agency] for not . . . filing a privilege log as to documents that it claims should not be in the administrative record in the first place.") (internal quotation marks omitted).

In short, privileged materials are not part of the administrative record. Requiring a privilege log in every case decided on the record would undermine the presumption of correctness that attaches to an agency's designation of the record and impose substantial burdens on agencies.

**II.    The Court Should Determine Whether a Privilege Log Is Required After the Administrative Record Has Been Produced.**

Defendants acknowledge that several recent decisions in this Circuit have required agencies to produce privilege logs after an agency filed an administrative record and plaintiffs put forth evidence casting doubt on that record's completeness. *See In re Nielsen*, No. 17-3345, Dkt. No. 171 at 3-5 (2d Cir. Dec. 27, 2017) (unpublished order); *State of N.Y. v. Dep't of Commerce*, No. 18 Civ. 2921 (JMF), Dkt. No. 205 (S.D.N.Y. July 3, 2018); *State of N.Y. v. U.S. Immigration and Customs Enforcement*, No. 19 Civ. 8876 (JSR), --- F. Supp. 3d ---, 2020 WL 604492 (S.D.N.Y.

Feb. 9, 2020). Even if the Court follows these cases, it should refrain from ordering a privilege log in these matters unless and until plaintiffs make a "'strong showing of bad faith or improper behavior,'" *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2574 (2019) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)), or the Court determines that it cannot decide this matter on the record before it. This is the standard articulated in *Batalla Vidal v. Duke*, No. 16 Civ. 4756 (NGG), No. 17 Civ. 5228 (NGG), 2017 WL 4480198, at *2 (E.D.N.Y. Oct. 3, 2017), and sanctioned by the Second Circuit on mandamus review in *In re Nielsen*.

In *Batalla Vidal v. Duke*, the district court had issued a scheduling order requiring production of a privilege log on the same day as production of the administrative record. 2017 WL 4480198, at *2. When this schedule was challenged by the defendant agency, the district court rejected the agency's argument that a privilege log should not be produced but agreed that the "deadline for producing a privilege log should be modified." *Id.* It reasoned that "[o]nly once the court has reviewed the administrative record will it be able to assess whether Defendants should be required to produce a privilege log, and what the scope of that log should be." *Id.* The district court noted that "without reviewing the administrative record, the court [could not] assess whether that record [was] sufficient to permit review of Defendants' decision . . ., or whether Plaintiffs ha[d] shown that Defendants acted in bad faith in designating the record." *Id.*

Application of this standard is consistent with each recent order requiring production of a privilege log in this Circuit. For example, the Second Circuit in *In re Nielsen* denied mandamus regarding the privilege log ordered by the *Batalla Vidal* court only after "Plaintiffs in the District Court . . . identified specific materials that appear[ed] to be missing from the record." *In re Nielsen*, No. 17-3345, Dkt. No. 171 at 2. Likewise, the court in *State of N.Y. v. U.S. Immigration and Customs Enforcement* ordered production of a privilege log after the agency "acknowledge[d] they may have inadvertently omitted certain documents from the record." 2020 WL 604492, at *3. And Your Honor ordered production of a privilege log in *State of N.Y. v. Dep't of Commerce* only after plaintiffs had successfully challenged the adequacy of the administrative record that had been filed and the district court had ordered the government to supplement the record and provide extra-record discovery. *State of N.Y. v. Dep't of Commerce*, No. 18 Civ. 2921 (JMF), Dkt. No. 205.

Here, Defendants have not yet produced an administrative record. Moreover, Plaintiffs have not challenged the adequacy of the administrative record. If the Court is not inclined to deny Plaintiffs' request for production of a privilege log, Defendants respectfully request that the Court apply the standards announced in *Batalla Vidal v. Duke* and defer judgment on whether a privilege log is necessary until after Defendants have submitted the record. At that stage, the Court will have adequate information to determine whether (1) it can assess Defendants' action on the record before it, or (2) Plaintiffs can show that Defendants acted in bad faith in designating the record. *Batalla Vidal*, 2017 WL 4480198, at *2. "[R]equir[ing] a privilege log as a matter of course in any administrative record case where a privilege appears to have been invoked would undermine the presumption of correctness." *San Luis & Delta-Mendota Water Auth. v. Jewell*, No. 15 Civ. 01290 (LJO) (GSA), 2016 WL 3543203, at *19 (E.D. Cal. June 23, 2016).

\* \* \*

For the reasons discussed above, Defendants oppose production of a privilege log accompanying the administrative record. We thank the Court for its attention to this matter.

        Respectfully,

        GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York

By:   /s/ Zachary Bannon
        ZACHARY BANNON
        ELIZABETH KIM
        CHRISTOPHER CONNOLLY
        Assistant United States Attorneys
        86 Chambers St. 3rd Floor
        New York, New York 10007
        Tel.:    212-637-2728
        Fax:    212-637-2717
        E-mail: Zachary.Bannon@usdoj.gov