UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STATE OF NEW YORK,

                    Plaintiff,

    -v-

CHAD F. WOLF, *in his official capacity as Acting Secretary of Homeland Security*, et al.,

                    Defendants.

------------------------------------------------------------------X

R. L'HEUREUX LEWIS-MCCOY et al., *on behalf of themselves and all similarly situated individuals*,

                    Plaintiffs,

    -v-

CHAD WOLF, *in his official capacity as Acting Secretary of Homeland Security*, et al.,

                    Defendants.

------------------------------------------------------------------X

20-CV-1127 (JMF)

20-CV-1142 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

        Plaintiffs in these cases challenge a decision by the Acting Secretary of Homeland Security to prohibit New York residents from enrolling or re-enrolling in "Trusted Traveler Programs," including the Global Entry Program, in part on the ground that the decision violates the Administrative Procedure Act ("APA"). *See* 20-CV-1127, ECF No. 1, ¶¶ 28, 51, 114-134; 20-CV-1142, ECF No. 1, ¶¶ 2, 90-93. In advance of the initial pretrial conference held on March 26, 2020, the parties disagreed with respect to whether Defendants should be required to produce a log of any documents withheld from the Administrative Record on the basis of privilege. *See*

ECF No. 20, at 4-6.[1]  Guided by the fact that it had ordered production of a privilege log under strikingly similar circumstances in *State of New York v. Department of Commerce*, *see* 18-CV-2921 (JMF), ECF No. 205, at 78 (S.D.N.Y. July 3, 2018), the Court held that Defendants were required to produce a log within a week of producing the Administrative Record (that is, by May 1, 2020).  ECF No. 22, at 2; ECF No. 31, at 9.  Nevertheless, the Court invited Defendants to seek relief from that obligation if they "believe[d] that they should not be required to provide a privilege log."  ECF No. 22, at 2.  Defendants now move for such relief.  *See* ECF Nos. 23 ("Defs.' Ltr."), 42 ("Defs.' Supp. Ltr.").  Plaintiffs oppose their request.  *See* ECF Nos. 24, 41.

Upon review of the parties' submissions, the Court adheres to its prior order.  To evaluate challenges under the APA, the Court must review the "whole record" — that is, the "full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419-20 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977); *see* 5 U.S.C. § 706 (requiring that "the court shall review the whole record or those parts of it cited by a party" in determining whether an agency action violated the APA).  The full administrative record includes "not only materials directly considered by the agency decisionmaker, but also all materials that might have influenced the agency's decision, including any work and recommendations of subordinates on which the agency decisionmaker based his or her decision." *Batalla Vidal v. Duke*, No. 16-CV-4756 (NGG) (JO), No. 17-CV-5228 (NGG) (JO), 2017 WL 4737280, at *5 (E.D.N.Y. Oct. 19, 2017) (internal quotation marks omitted).  The administrative record does not technically include privileged documents.  *See, e.g., State of New York v. U.S. Immigration & Customs Enf't* ("*State of New York v. ICE*"), — F. Supp. 3d —, No. 19-CV-8876 (JSR), 2020 WL 604492, at *2

---

[1]     Unless otherwise noted, all citations are to the docket in Case No. 20-CV-1127 (JMF).

(S.D.N.Y. Feb. 9, 2020). But significantly, that is true only if the "privilege was properly invoked," *id.*, and "without a privilege log," a court is "unable to evaluate the Government's assertions of privilege," *In re Nielsen*, No. 17-3345, slip op. at 3 (2d Cir. Dec. 27, 2017) (unpublished order); *see Cooling Water Intake Structure Coal. v. U.S. Env't Prot. Agency*, 905 F.3d 49, 65 n.9 (2d Cir. 2018) (denying a motion to include documents in the administrative record after reviewing "a privilege log that adequately describes the nature of the seven requested documents and [the agency's] rationale for classifying those documents as deliberative and therefore privileged"); *Nat'l Nutritional Foods Ass'n v. Mathews*, 557 F.2d 325, 333 (2d Cir. 1977) (noting that the "district court reviewed these documents in camera and determined that they were within the scope of the Government's deliberate privilege").

Here, Defendants concede that they withheld portions of documents from the Administrative Record on the basis of privilege. *See* ECF No. 36, at 1 n.1 ("The Administrative Record also contains redactions reflecting Defendants' assertion of privileges."). For example, Defendants redacted sections of a January 27, 2020 memorandum to the Acting Secretary of Homeland Security concerning "Component Operational Impact Assessments of State Laws Restricting the Sharing of DMV Data with DHS" — including the New York law at issue in this case. *See* ECF No. 37-1, at 31-32. Defendants labeled these redactions "predecisional/ deliberative/law enforcement sensitive," *see id.* at 31-41, but they do not "adequately describe[] the nature of the . . . documents and [the agency's] rationale for classifying those documents as deliberative and therefore privileged," *Cooling Water Intake*, 905 F.3d at 65 n.9. And separate and apart from these conceded redactions, there is good reason to believe that Defendants omitted entire documents from the Administrative Record on the basis of privilege. Among other things, the Administrative Record is a mere sixty-four pages long. *See* ECF No. 37-1. Put

simply, it is "difficult to imagine that a decision as important as" the one challenged here — to exclude every resident of the country's fourth largest state from enrolling or re-enrolling in a program mandated by the Intelligence Reform and Terrorism Prevention Act of 2004, 8 U.S.C. § 1365b(k)(3)(A) — "would be made based upon a factual record" that sparse. *In re Nielsen*, slip op. at 3 (reaching a similar conclusion based on a 56-page administrative record).[2]

Defendants arguments against producing a privilege log are unpersuasive. Defendants principally argue that they should not be required to produce a privilege log because "deliberative or otherwise privileged materials . . . are not properly considered to be part of the record" and because requiring a privilege log "would undermine the presumption of correctness that attaches to an agency's designation of the record." Defs.' Ltr. 2 (citing *Oceana, Inc. v. Ross*, 920 F.3d 855 (D.C. Cir. 2019)). As Defendants acknowledge, however, these arguments are contrary to recent authority in this Circuit, including the Second Circuit's decision in *In re Nielsen*, this Court's decision in *State of New York v. Department of Commerce*, and Judge Rakoff's decision in *State of New York v. U.S. Immigration and Customs Enforcement*. See Defs.' Ltr. 2-3. As Judge Rakoff ably put it, while deliberative materials may not be part of the administrative record, "[i]t does not follow from this premise . . . that courts should not have a role in reviewing whether this privilege was properly invoked and applied to particular documents so withheld. Courts routinely make determinations of privilege in other contexts, and

---

[2] In addition, Defendants sought a last-minute extension of time to produce the Administrative Record to decide whether to include one document — a decision that was being "addressed urgently at the highest levels of [the U.S. Attorney's Office for the Southern District of New York] and by [the Department of Justice], . . . [in] consultation and coordination with the Department of Homeland Security." ECF No. 34. In a letter later the same day, Defendants reported that they had "resolved the outstanding issue," but conspicuously refrained from disclosing whether the document at issue was ultimately included in the Administrative Record or withheld — and if the latter, on what basis. *See* ECF No. 39.

4

they are expert at doing so. . . . There is no reason why courts cannot make identical determinations in APA lawsuits in order to determine the proper scope of the administrative record." 2020 WL 604492, at *2; *see also Oceana*, 920 F.3d at 865 (noting that "further action or inquiry by the District Court" would be justified if "a redacted document was placed in the administrative record and there was a credible showing that the redactions may have obscured factual information not otherwise in the record" or there was a "substantial showing . . . that the record was incomplete" (internal quotation marks omitted)).

Indeed, as Judge Rakoff further explained in his persuasive opinion, "[a]llowing courts a role in adjudicating whether particular documents are properly withheld from the record on the basis of privilege is consistent with, not contrary to, the mandate of the courts [under the APA] to review the 'whole record,' and evaluate whether the agency 'examine[d] the relevant data and articulate[d] a satisfactory explanation for its action.'" 2020 WL 604492, at *2 (quoting *Overton*, 401 U.S. at 419, and *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). And without a privilege log, a court would be "unable to determine whether an assertedly-privileged document was properly excluded from the record." *Id.* at *2. For similar reasons, requiring a privilege log is also consistent with, not contrary to, the presumption of regularity that applies to agency decision-making. Indeed, although agency actions, including compilation of the administrative record, are entitled to the presumption of regularity, "that presumption is not to shield [the] action from a thorough, probing, in-depth review." *Overton Park*, 401 U.S. at 415. To quote Judge Rakoff again: "Production of a privilege log does not give the Court any occasion to expand the administrative record to encompass any document not properly included; it simply allows the Court to have some oversight of the agency's assertions of privilege, the same role it would assume with respect to any other litigant." *Id.* at *3.

For these reasons, it may well be that — at least absent a showing of undue burden, which, conspicuously, Defendants do not even attempt to make here — "district courts should grant motions to compel production of a privilege log in APA actions as a matter of course." *State of N.Y. v. ICE*, 2020 WL 604492, at *3. That is, neither logic nor the law of this Circuit suggests that defendants in APA cases should be immune from the standard requirement in civil litigation to produce a privilege log listing documents withheld on the basis of privilege so that the other side may test the assertion and any disputes may be resolved by the court. But the Court need not go that far because the Court concludes, based on the totality of the circumstances here, that Plaintiffs are entitled to a privilege log to evaluate whether they have the "whole record" for purposes of the APA. The fact that the Administrative Record is a mere sixty-four pages suggests that "there are correspondingly few deliberative documents that would need to be listed on a privilege log, and that the burden would consequently be small." *See State of N.Y. v. ICE*, 2020 WL 604492, at *3. Alternatively, and mindful of defense counsel's representation during the initial pretrial conference that a privilege log might contain "a voluminous amount of material," ECF No. 31, at 8, the meager size of the Administrative Record raises the real possibility that Defendants withheld documents that would be critical to Plaintiffs' case and to the Court's evaluation under the APA. In either case, a privilege log is appropriate.[3]

---

[3]     Defendants argue that "Plaintiffs have failed to make a strong showing of bad faith or improper behavior in the designation of the Administrative Record." Defs.' Supp. Ltr. 1. The issue of bad faith, however, is more relevant to the propriety of "an *extra*-record investigation by the reviewing court" than it is to the propriety of a privilege assertion, which bears on whether the record is complete in the first instance. *See Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997) (emphasis added); *accord Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 308 (S.D.N.Y. 2012) (distinguishing challenges to the completeness of the administrative record from requests for "the court [to] consider extra-record evidence"). Moreover, even on Defendants' own view, a showing of bad faith or improper behavior is merely an alternative reason to require a privilege log. *See* Defs.' Ltr. 3.

In short, the Court adheres to its order mandating that, no later than May 1, 2020, Defendants produce a "log listing any documents withheld, in whole or in part, from the Administrative Record on the basis of privilege." ECF No. 22, at 2. Significantly, the Court does not, at this time, order "the production of any documents over which the Government asserts privilege"; it merely orders a privilege log. *In re Nielsen*, slip. op. at 5. To the extent that Plaintiffs challenge any of Defendants' assertions in the log, the Court will, of course, "provide the Government with an opportunity to be heard" and ensure "an orderly resolution of any" disputes. *Id.*; *see In re United States*, 583 U.S. —, 2017 WL 6505860, at *2 (Dec. 20, 2017) (No. 17-801) ("[T]he District Court may not compel the Government to disclose any document that the Government believes is privileged without first providing the Government with the opportunity to argue the issue."). To that end, if Plaintiffs dispute any of Defendants' privilege assertions, counsel shall meet and confer in good faith in an attempt to resolve the dispute and, absent a resolution, to agree upon procedures to raise the dispute with the Court.

    SO ORDERED.

Dated: April 29, 2020
       New York, New York

                                      JESSE M. FURMAN
                                      United States District Judge