June 22, 2020

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

> RE: Plaintiffs' joint letter motion to exclude extra-record evidence or, in the alternative, to permit limited discovery in *State of New York v. Wolf, et al.*, 20-CV-1127 (JMF), and *Lewis-McCoy v. Wolf, et al.*, 20-CV-1142 (JMF).

Dear Judge Furman,

Plaintiffs submit this letter motion pursuant to Rules 1(A), 2(C), and 3(A) of the Court's Individual Rules and Practices, Local Civil Rule 6.3, and Rules 26, 30, 34, and 56 of the Federal Rules of Civil Procedure. Plaintiffs ask the Court to exclude three extra-record declarations that Defendants filed with their motion for summary judgment on June 19, 2020. *See* 20-CV-1127, ECF Nos. 68-1, 68-2, 68-3.[1] In the alternative, Plaintiffs request an informal conference with the Court to seek leave to conduct limited, expedited discovery including document requests and depositions of these declarants; and to compel disclosure of communications involving these declarants that were withheld from the Administrative Record ("AR") on privilege grounds. Plaintiffs conferred in good faith with Defendants regarding these matters, and Defendants do not consent to Plaintiffs' requests to take discovery and to compel disclosure of communications withheld from the AR.

*1. Background.* These actions challenge a decision by the Acting Secretary of Homeland Security to prohibit New York residents from enrolling or re-enrolling in the Trusted Traveler Programs ("TTP"). Plaintiffs in both actions challenge this decision in part on the ground that it violates the Administrative Procedure Act ("APA"). *See* ECF No. 1, ¶¶ 28, 51, 114-134; 20-CV-1142, ECF No. 1, ¶¶ 2, 90-93. The Court's review of Plaintiffs' APA claims is to be based on the "whole record"—that is, "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971); *see* 5 U.S.C. § 706.

At an initial pretrial conference on March 26, the Court explained—and no party disagreed—that any disputes regarding the contents of the AR should be addressed before the parties moved for summary judgment on the APA claims. *See* ECF No. 31, at 7-11, 15-17, 19, 21-23. With that uncontested principle in mind, the Court entered a scheduling order that provided first for Defendants' preparation and production of the AR, followed by motions practice to resolve any disagreements regarding the completeness of the AR, and then cross-motions for summary judgment once the AR was complete. ECF No. 22.

Defendants initially produced the AR on April 24. ECF No. 37-1. After briefing, the Court ordered Defendants to produce a privilege log identifying documents withheld from the

---

[1] Unless otherwise noted, all ECF citations are to Docket No. 20-CV-1127.

1

AR on a claim of privilege. *New York v. Wolf*, No. 20-CV-1127 (JMF), 2020 WL 2049187, at *3 (S.D.N.Y. Apr. 29, 2020). Defendants produced a revised AR and privilege log on May 22, noting redactions to the AR and listing 170 documents withheld in full on various claims of privilege. ECF Nos. 54-1, 55-1. Plaintiffs moved to compel disclosure of the documents withheld on privilege grounds. ECF No. 50. The Court largely sustained Defendants' privilege invocations, but ordered disclosure of a few withheld or redacted documents. *New York v. Wolf*, No. 20-CV-1127 (JMF), 2020 WL 3073294, at *1, 5 (S.D.N.Y. June 10, 2020). Consistent with that order, Defendants filed the completed AR on June 17. ECF No. 65-1.

On June 19, Defendants filed their motion and supporting memorandum for partial summary judgment on Plaintiffs' APA claims. ECF Nos. 67, 68. The motion was accompanied by three extra-record declarations from senior DHS officials: Pete R. Acosta, Director of Trusted Traveler Programs, U.S. Customs and Border Protection ("CBP") (ECF No. 68-1); Scott L. Glabe, DHS Acting Assistant Secretary for Border Security and Immigration (ECF No. 68-2); and Robert E. Perez, Deputy Commissioner of CBP (ECF No. 68-3). Defendants' summary judgment memorandum cites extensively to these extra-record declarations, both to present factual evidence not included in the AR and to support the merits of Defendants' APA arguments. *See* ECF No. 68, at 3-5, 7-8, 15, 20, 23-24.

*2. The declarations should be excluded.* Defendants' new declarations are extra-record evidence that should not be considered in adjudicating Plaintiffs' APA claims.

As the Court is aware, judicial review of agency action under the APA ordinarily is limited to the AR.[2] *Overton Park*, 401 U.S. at 420. The "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam). Defendants' new declarations violate this black-letter principle: the declarations do not appear in the AR, and instead were created months after the date of the decision challenged in these actions, apparently for the sole purpose of supporting Defendants' motion for partial summary judgment. *See* Acosta Decl., at 11 (ECF No. 68-1) (signed June 19, 2020); Glabe Decl., at 6 (ECF No. 68-2) (signed June 19, 2020); Perez Decl., at 10 (signed June 17, 2020).

Just a few days ago, in holding that DHS's decision to rescind DACA was arbitrary and capricious under the APA, the Supreme Court reiterated the "'foundational principle of administrative law' that judicial review of agency action is limited to 'the grounds that the agency invoked when it took the action.'" *Dep't of Homeland Sec. v. Regents of the Univ. of Calif.*, No. 18-587, slip op. at 13-17 (June 18, 2020) (quoting *Michigan v. EPA*, 576 U.S. 743, 758 (2015)). The Court explained that "[p]ermitting agencies to invoke belated justifications . . . can upset 'the orderly functioning of the process of review,' forcing both litigants and courts to chase a moving target." *Id.*, slip op. at 16 (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943)). Defendants seek to evade this foundational rule and ask the Court instead to credit the agency's "convenient litigating position" and "post hoc rationalizations" presented for the first

---

[2] To be sure, limited exceptions to the record rule exist. *See New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 632-35 (S.D.N.Y. 2019) (describing exceptions to the record rule). But Defendants' summary judgment memorandum identifies no exception to justify their effort to introduce facts not present in the AR, ECF No. 68; and no such exception applies here.

time on summary judgment. *Id.* (quoting *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 155 (2012)).

The Court should therefore exclude the Acosta, Glabe, and Perez declarations. *See, e.g.*, *Dow AgroSciences v. Nat'l Marine Fisheries Serv.*, 707 F.3d 462, 467-68 (4th Cir. 2013) (holding in an APA case that the district court "erred in receiving and considering" agency affidavit prepared for summary judgment); *see also Overton Park*, 401 U.S. at 419 (rejecting "litigation affidavits" from agency officials that "were merely *post hoc* rationalizations, which have traditionally been found to be an inadequate basis for review" (citation omitted)).

In addition, Defendants have—no fewer than half a dozen times—represented to the Court through sworn certifications from agency officials and signed filings by counsel that the AR as filed constitutes the full record the agency considered in reaching the challenged decision. *See, e.g.*, ECF No. 39, at 1 (Apr. 24, 2020 Letter from Zachary Bannon to the Court) ("[T]he administrative record that was filed this evening is complete, and the government does not intend to submit any further materials on Monday morning as permitted by the Court's order."); ECF No. 37, at 3-4 (Apr. 24, 2020 Certification of Juliana Blackwell) ("I certify that, to the best of my knowledge, information, and belief, the attached index contains the non-privileged documents considered by DHS, and that these documents constitute the Administrative Record the agency considered."); *see also* ECF No. 47, at 3-4 (same); ECF No. 54, at 3-4 (same); ECF No. 65, at 3 (June 17, 2020 Certification of Juliana Blackwell) (same). Indeed, in opposing Plaintiffs' motion to complete the record, Defendants contended that "the Administrative Record already reflects exactly what information CBP can no longer access to vet TTP applicants." ECF No. 55, at 5. And in opposing production of a privilege log, Defendants attested that the AR included all non-privileged documents considered by DHS, and represented that "the Court can decide these matters on the Administrative Record filed by the government." ECF No. 42, at 2. For this reason alone, Defendants should be foreclosed from attempting to bolster their case after the fact with made-for-litigation declarations.

*3. In the alternative, the Court should permit limited discovery.* If the Court decides not to exclude Defendants' extra-record evidence, Plaintiffs respectfully request that the Court permit limited extra-record discovery so Plaintiffs may probe the assertions of fact contained in the Acosta, Glabe, and Perez declarations.

Defendants' extra-record declarations include assertions of fact that are not present in the AR, that conflict with the allegations in Plaintiffs' complaints, and that go to what the Court has already identified as a key issue in this litigation—namely, "an understanding of the vetting process and relevant standards [for TTP approval], especially concerning criminal offenses." *New York*, 2020 WL 3073294, at *4. If the Court intends to consider this extra-record evidence, adversarial examination to test the self-serving statements Defendants created for this lawsuit is warranted in the interest of both completeness and fairness. *See, e.g.*, *Dopico v. Goldschmidt*, 687 F.2d 644, 654 (2d Cir. 1982) (holding in an APA case that "the District Court could not properly grant summary judgment when such a basic factual issue was in dispute, without at least permitting plaintiffs some limited discovery to explore whether some portions of the full record were not supplied to the Court"); *Nw. Coal. for Alternatives to Pesticides v. U.S. E.P.A.*, 920 F. Supp. 2d 1168, 1176 (W.D. Wash. 2013) (authorizing extra-record discovery in APA case and holding that "all parties should have an equal opportunity to present extra-record evidence in

support of their position"); *see also* Fed. R. Civ. P. 56(d)(2) (on summary judgment, court may authorize the nonmoving party to "obtain affidavits or declarations or to take discovery" on a showing that "for specified reasons, it cannot present facts essential to justify its opposition").

Plaintiffs recognize the principle that where allowed, extra-record discovery in APA litigation should be narrower in scope than the liberal discovery permitted by Rule 26 in typical civil litigation. *See New York*, 351 F. Supp. 3d at 548 n.19; *Ali v. Pompeo*, No. 16-cv-3691, 2018 WL 2058152, at *4 (E.D.N.Y. May 2, 2018). If authorized by the Court, Plaintiffs would seek narrow, targeted discovery to permit them to meet the factual contentions newly-raised in the Acosta, Glabe, and Perez declarations. This discovery would include requests for expedited production of documents (returnable on a seven-day deadline, *see* Fed. R. Civ. P. 34(b)(2)(A), to minimize disruption to the existing scheduling order), as well as depositions of each declarant immediately following the production of responsive documents.

*4. The Court should revisit its ruling on Plaintiffs' motion to compel.* In addition, in light of Defendants' reliance on testimony from officials whose communications they withheld from the AR on privilege grounds, Plaintiffs respectfully request that the Court reconsider in part its order on Plaintiffs' motion to compel, or deem the asserted privileges waived with respect to these documents.

Among the records identified on Defendants' privilege log are seven documents that Plaintiffs sought to compel and that were communicated by or to the three new declarants: DHSGLL062 (Acosta), PRIV_016 (Perez), PRIV_019 (Perez), PRIV_022 (Perez), PRIV_029 (Glabe), PRIV_043 (Perez), PRIV_050 (Glabe). The Court denied Plaintiffs' motion to compel as to these seven documents, holding that they were protected by various privileges.[3] ECF No. 62.

Local Civil Rule 6.3 governs motions for reconsideration. Reconsideration is "to be employed sparingly," but may be granted to "review the court's decision in light of the availability of new evidence." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y.2000) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Here, the new evidence that warrants reconsideration is Defendants' reliance for summary judgment purposes on newly-created declarations from DHS officials whose communications within the AR they successfully withheld on privilege grounds.

It is well established that "a party cannot use materials as a 'sword' in its defense 'while using privileges attaching to [materials relied upon for that defense] as a shield.'" *In re City of New York*, 607 F.3d 923, 946-47 (2d Cir. 2010) (quoting *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003)) (alterations in original). Defendants seek to rely on new declarations from three DHS officials in support of their summary judgment motion, while simultaneously shielding from scrutiny AR communications to and from those officials. The Court should compel disclosure of these seven records to permit Plaintiffs to assess whether the AR communications rebut or otherwise inform Plaintiffs' response to the declarations. *See*

---

[3] The Court held that DHSGLL062 was protected by the law-enforcement privilege; PRIV_029 was protected by the attorney-client privilege; and PRIV_016, PRIV_019, PRIV_022, PRIV_043, and PRIV_050 were protected by the deliberative-process privilege. ECF No. 62.

*United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[P]rivilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications.").

At minimum, the five documents as to which the Court sustained Defendants' assertions of deliberative-process privilege (PRIV_016, PRIV_019, PRIV_022, PRIV_043, and PRIV_050) should be disclosed.  In ruling on Plaintiffs' motion to compel, the Court noted that deliberative process "is only a 'qualified' privilege and, thus, must be balanced 'against the need of the particular litigant for access to the privileged information.'"  ECF No. 62 (quoting *MacNamara v. City of New York*, 249 F.R.D. 70, 79 (S.D.N.Y. 2008)).  Plaintiffs do not challenge the Court's earlier conclusion that, as matters stood at the time, the deliberative-process privileged applied and was not overcome by Plaintiffs' need to access the information.  But by presenting declarations from the very same agency officials whose communications they previously withheld on privilege grounds, Defendants have changed that balance.  Plaintiffs' need to review the withheld information in order to contest the Acosta, Glabe, and Perez declarations now overcomes the qualified privilege that attaches to these communications.  Plaintiffs respectfully request that the Court compel disclosure of these documents.

Respectfully submitted,

LETITIA JAMES
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo, *Chief Counsel for Federal Initiatives*
Elena Goldstein, *Deputy Chief, Civil Rights Bureau*
Daniela L. Nogueira, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

Attorneys for Plaintiff in 20-CV-1127


NEW YORK CIVIL LIBERTIES UNION FOUNDATION

By: */s/ Antony P.F. Gemmell*
Antony P.F. Gemmell
Molly K. Biklen
Jessica Perry
Jordan Laris Cohen
Christopher T. Dunn
125 Broad Street, 19th Floor

New York, NY 10004
212-607-3300
agemmell@nyclu.org

Attorneys for Plaintiffs in 20-CV-1142