

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 23, 2020

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *New York v. Chad F. Wolf, et al.*, No. 20 Civ. 1127 (JMF) (S.D.N.Y.)
             *Lewis-McCoy, et al. v. Chad Wolf, et al.*, No. 20 Civ. 1142 (JMF) (S.D.N.Y.)

Dear Judge Furman:

      This Office represents the defendants in the above-referenced actions. We write respectfully to correct several statements in defendants' briefs and declarations, and to withdraw defendants' motion to dismiss, Dkt. Nos. 29-30,[1] and motion for summary judgment, Dkt. Nos. 67-68, along with the materials submitted in support of those motions. We also write to inform the Court and the plaintiffs that the Acting Secretary of Homeland Security has determined that it is appropriate to restore New York residents' eligibility to participate in Trusted Traveler Programs ("TTPs"), effective immediately. *See* Dep't of Homeland Security, *New York Amends Dangerous Green Light Law to Cooperate with Federal Law Enforcement on DMV Records*, available at https://www.dhs.gov/news/2020/07/23/new-york-amends-dangerous-green-light-law-cooperate-federal-law-enforcement-dmv (July 23, 2020).

      As the Court is aware, defendants have maintained that the TTP Decision at issue in this litigation is constitutionally permissible, and not arbitrary and capricious, because the data restrictions imposed by New York's Green Light Law—in particular, its restriction of access to certain criminal history information in New York DMV records—were unique and precluded CBP from conducting adequate risk assessments of New York applicants for TTPs. For example, the TTP Decision itself asserted that the Green Light Law "prevents DHS from accessing relevant information that only New York DMV maintains, including some aspects of an individual's criminal history. As such, the Act compromises CBP's ability to confirm whether an individual applying for TTP membership meets program eligibility requirements." AR 2. Similar statements appeared in other, pre-decisional documents contained in the administrative record, *see, e.g.*, AR 62 ("The NY Green Light law would prevent CBP from receiving information relating to criminal convictions involving motor vehicles . . . . Membership in a CBP Trusted Traveler Program requires application of strict standards for multiple convictions that can no longer be assessed for

---

[1] Citations refer to the docket of *New York v. Wolf*, No. 20 Civ. 1127 (JMF) (S.D.N.Y.).

applicants residing in the State of NY."), and in the declarations submitted by Department of Homeland Security ("DHS") officials in support of defendants' motion for summary judgment, *see, e.g.*, Decl. of Pete R. Acosta, dated June 19, 2020 (Dkt. No. 68-1) ¶ 24 ("Currently, New York is the only state that has terminated CBP's access to driver license and vehicle data via Nlets."). Based on these statements and representations, defendants made similar assertions in their briefs in support of their motions. *See, e.g.*, Motion to Dismiss (Dkt. No. 30) at 14 ("Here, no other state has adopted a policy barring CBP's access to records to vet TTP applicants."); Motion for Summary Judgment (Dkt No. 68) at 12 ("In other words, without DMV information, DHS determined that TTP applicants from New York could not satisfy TTP eligibility requirements.").

Last Friday afternoon, July 17, DHS advised this Office that those statements and representations are inaccurate in some instances and give the wrong impression in others. Specifically, in connection with preparing defendants' opposition to plaintiffs' cross-motion for summary judgment, DHS learned and informed this Office that several states, the District of Columbia, and a territory provide access to driver's license information (referred to as Driver Query) and vehicle registration information via Nlets, but do not currently provide access to driving history information, including driving-related criminal histories. In addition, DHS determined that two territories do not participate in Nlets DMV-related queries, such that DMV records are not available to CBP (or other Nlets users). Nevertheless, CBP has continued to accept, vet, and, where appropriate, approve TTP applications from these states and territories.

These revelations undermine a central argument in defendants' briefs and declarations to date: that CBP is not able to assure itself of an applicant's low-risk status because New York fails to share relevant DMV information with CBP for TTP purposes. Because this argument supplies the rationale for the TTP Decision, *see* AR 2-3, and supports defendants' defense of the TTP Decision, defendants have determined that the proper course of action is to withdraw their motion to dismiss and motion for summary judgment.

Furthermore, although the parties have agreed that New York's April amendment to its Green Light Law need not be considered in adjudicating this matter, *see* Dkt. No. 72 at 2-4; Dkt. No. 79 at 2 n.2, DHS has also informed this Office of an issue concerning the amendment's effect on the TTP Decision. The declarations of DHS officials Scott L. Glabe and Robert Perez both state that any cabining of New York DMV information to ensure compliance with the Green Light Law amendment's criminalization of information sharing for immigration enforcement purposes would be antithetical to DHS's congressionally-mandated mission and data access policies. *See, e.g.*, Decl. of Scott L. Glabe, dated June 19, 2020 (Dkt. No. 68-2) ¶¶ 4-8, 12-14; Decl. of Robert Perez, dated June 19, 2020 (Dkt. No. 68-3) ¶¶ 15-16. Accordingly, in their brief in support of summary judgment, defendants argued that by purporting to impose restrictions on DHS's ability to share DMV information obtained to vet TTP applicants, the amendment to the New York Green Light Law failed to cure the problems that necessitated the TTP Decision. *See* Motion for Summary Judgment (Dkt. No. 68) at 7-8, 24-25. Last Friday, however, DHS informed this Office that in 2019, CBP, at the local level, entered into agreements with the California Department of Justice that preclude the use of non-criminal history information accessed through Nlets for immigration enforcement purposes. According to DHS, it does not appear that those agreements were vetted by DHS's headquarters, as is required under the One DHS Policy. *See* Glabe Decl. ¶ 8. Thus, according to DHS, it remains true that, as asserted in the Glabe and Perez declarations

and defendants' summary judgment brief, information restrictions of the type contemplated by New York's Green Light Law amendment are contrary to the recommendations of the 9-11 Commission as embodied by the One DHS Policy. *See, e.g.*, Glabe Decl. ¶ 14; Perez Decl. ¶ 17. However, considering DHS's agreements with the California Department of Justice, defendants no longer wish to press this argument to support the TTP Decision.

Defendants deeply regret the foregoing inaccurate or misleading statements and apologize to the Court and plaintiffs for the need to make these corrections at this late stage in the litigation. Defendants respectfully request that the Court accept this letter to correct the record, and permit them to withdraw their motions to dismiss and for summary judgment, along with all briefs and declarations submitted in support of those motions. As noted above, the Acting Secretary of Homeland Security has decided to restore New York residents' access to the Trusted Traveler Programs, effective immediately.

We thank the Court for its consideration of this letter.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: ⎯⎯/s/ Zachary Bannon⎯⎯⎯⎯
ZACHARY BANNON
ELIZABETH KIM
CHRISTOPHER CONNOLLY
Assistant United States Attorneys
86 Chambers St. 3rd Floor
New York, New York 10007
Tel.:   212-637-2728, 2745, 2761
Fax:   212-637-2717
E-mail: Zachary.Bannon@usdoj.gov
           Elizabeth.Kim@usdoj.gov
           Christopher.Connolly@usdoj.gov