July 28, 2020

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      RE:    Plaintiffs' letter regarding mootness in *State of New York v. Wolf, et al.*, 20 Civ.
               1127, and *Lewis-McCoy v. Wolf, et al.*, 20 Civ. 1142.

Dear Judge Furman,

      On July 23, 2020, the Court ordered the parties to confer and address what effect, if any,
the Department of Homeland Security's press release announcing it would lift the Ban has on
this litigation. ECF No. 88. Following the Court's order, Defendants filed a notice of correction
identifying multiple material misrepresentations they made in defense of the Ban. ECF No. 89.
As directed, the parties have conferred over these developments and this letter addresses the
effects of both.

      Plaintiffs believe these developments do not moot this litigation, but, rather, entitle them
to judgment on their claims for relief. Under these circumstances, Plaintiffs also intend to seek
attorneys' fees and costs. Plaintiffs believe further inquiry may be warranted to determine when
the agency first became aware of the false and misleading representations that were disclosed last
week, and what steps were taken and when to cure those misrepresentations. The parties have
agreed to negotiate further to determine whether these issues may be resolved through a
settlement that involves attorneys' fees, costs, and entry of a consent judgment.

      First, these cases are not moot, because DHS's lifting of the Ban satisfies the voluntary
cessation exception to the mootness doctrine. "It is well settled that 'a defendant's voluntary
cessation of a challenged practice does not deprive a federal court of its power to determine the
legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S.
167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)).
Instead, "a defendant claiming that its voluntary compliance moots a case bears the formidable
burden of showing that it is *absolutely clear* the alleged wrongful behavior could not reasonably
be expected to recur." *Laidlaw*, 528 U.S. at 190 (emphasis added).

      Defendants fall short of their "stringent and formidable burden" here. *Mhany Mgmt., Inc.
v. Cty. of Nassau*, 819 F.3d 581, 624 (2d Cir. 2016). They offer no assurance they will not
reimpose the Ban just as quickly as they lifted it. *See Brooklyn Ctr. for Indep. of Disabled v.
Bloomberg*, 980 F. Supp. 2d 588, 651 (S.D.N.Y. 2013) (Furman, J.). To the contrary, even after
the agency admitted to the misrepresentations disclosed on July 24, Acting Secretary of
Homeland Security Chad Wolf publicly stated that the agency was *still* considering action
against New York for its enactment of the Green Light Law. Specifically, Defendant Wolf
stated:

[W]e remain very concerned. There are still parts of that law that prohibit the sharing of information with DHS for national security purposes. And in this post-9/11 environment, the department in part was created to tear down [those] information sharing silos, and what we see is New York putting those back up again. So it's very, very dangerous in our book. We'll continue to work with our Department of Justice colleagues to see what we can do, perhaps through the legal system, to address those concerns.[1]

Whatever action Defendants ultimately take on these purported concerns, at a minimum, they have not made "absolutely clear" DHS will not "return to [its] old ways" by reinstating the Ban or a substantially similar measure that is unlawful for the same reasons identified by Plaintiffs. *City of Mesquite*, 455 U.S. at 289, n.10. That fact alone suffices for these cases to move forward.[2]

These cases also remain live for the separate reason that Plaintiffs may be entitled to additional relief for Defendants' imposition and maintenance of a ban that they have now conceded was without factual foundation. *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 307–08 (2012) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." (internal quotation marks, citations, and alteration omitted)). That said, Plaintiffs understand that Defendants believe this case to be moot. If the Court wishes to examine the issue further, Plaintiffs request that the Court order a briefing schedule directing Defendants to make their mootness arguments in full, which Plaintiffs will oppose.

Second, following entry of judgment, Plaintiffs intend to seek their attorneys' fees and costs in this litigation. The parties have agreed to confer further whether a negotiated resolution can be reached. If any disagreement cannot be resolved by settlement, Plaintiffs propose to submit to the Court a briefing schedule for a disputed fees motion. Accordingly, we ask the Court to direct the parties to confer about a possible consent judgment and advise the Court by Monday, August 10, 2020, whether a settlement will be reached.

Third, and depending in part on the resolution of the two matters identified above, Plaintiffs believe that further explanation or additional discovery may be warranted regarding what the agency knew and when about the false and misleading statements it made to this Court

---

[1] *DHS Lifts New York Ban on Trusted Traveler Program*, Fox News (July 24, 2020), *available at* https://www.foxnews.com/politics/dhs-new-york-trusted-traveler-programs-green-light-law (second video).

[2] Plaintiffs note that Defendants withdrew their motion to dismiss and motion for summary judgment, but neither opposed Plaintiffs' cross-motion for summary judgment nor requested to adjourn the deadline to oppose. *See generally* ECF No. 89. As Plaintiffs have not and will not withdraw their motion, it remains outstanding.

2

and Plaintiffs.  To that end, Plaintiffs expect to seek leave to take discovery or for an order directing Defendants to provide a further explanation in the first instance.[3]

Respectfully submitted,

LETITIA JAMES
*Attorney General of the State of New York*

By: */s/ Daniela L. Nogueira*
Daniela L. Nogueira, *Assistant Attorney General*
Matthew Colangelo, *Chief Counsel for Federal Initiatives*
Elena Goldstein, *Deputy Chief, Civil Rights Bureau*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6544
daniela.nogueira@ag.ny.gov

Attorneys for Plaintiff in 20 Civ. 1127

NEW YORK CIVIL LIBERTIES UNION FOUNDATION

By: */s/ Antony P.F. Gemmell*
Antony P.F. Gemmell
Molly K. Biklen
Jessica Perry
Jordan Laris Cohen
Christopher T. Dunn
125 Broad Street, 19th Floor
New York, NY 10004
212-607-3300
agemmell@nyclu.org

Attorneys for Plaintiffs and the Class in 20 Civ. 1142

---

[3] Of course, the Court also "has inherent authority 'to conduct an independent investigation in order to determine whether it has been the victim of fraud.'"  *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 394 (S.D.N.Y. 2010) (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991)).