UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
STATE OF NEW YORK, :
:
:
Plaintiff, : 20-CV-1127 (JMF)
:
-v- :
:
:
CHAD F. WOLF, *in his official capacity as Acting* :
*Secretary of Homeland Security*, et al., :
:
Defendants. :
:
------------------------------------------------------------------------X
:
R. L'HEUREUX LEWIS-MCCOY et al., *on behalf of* :
*themselves and all similarly situated individuals*, :
:
: 20-CV-1142 (JMF)
Plaintiffs, :
:
-v- :
: MEMORANDUM OPINION
CHAD WOLF, *in his official capacity as Acting* : AND ORDER
*Secretary of Homeland Security*, et al., :
:
Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiffs in these cases seek declaratory and injunctive relief invalidating the February 5, 2020, decision of Acting Secretary of Homeland Security Chad Wolf to exclude New York residents from participation in Trusted Traveler Programs, including Global Entry. On July 23, 2020, after the Department of Homeland Security ("DHS") announced that it was rescinding that decision effective immediately, the Court issued an Order directing counsel to confer and, no

later than July 28, 2020, "advise the Court what effect that announcement has on these cases, including whether or when they should be dismissed as moot." ECF No. 88.[1]

Less than one hour after the Court's Order, Defendants filed a letter "to correct several statements" in their "briefs and declarations" and to withdraw their pending motions to dismiss and for summary judgment, "along with the materials submitted in support of those motions." ECF No. 89 ("July 23rd Gov't Letter"), at 1. The letter did not purport to specify all of the problematic statements and representations in the record. Instead, it cited a few examples of statements — some appearing in sworn declarations — to the effect that "the data restrictions imposed by New York's Green Light Law . . . were unique and precluded [DHS] from conducting adequate risk assessments of New York applicants for TTPs." *Id.* at 1. These "statements and representations," Defendants revealed, "are inaccurate in some instances and give the wrong impression in others." *Id.* at 2. Defendants admitted that "[t]hese revelations undermine a central argument in defendants' briefs and declarations to date." *Id.* Indeed, they went so far as to acknowledge that the newly disclosed facts undermined "*the* rationale" for DHS's original decision and for Defendants' "defense" of that decision. *Id.* (emphasis added). Expressing "deep[] regret" and "apologiz[ing] to the Court and plaintiffs," Defendants therefore ended the letter with two requests: first, that the Court "accept" the letter "to correct the record"; and, second, that the Court "permit them to withdraw their motions to dismiss and for summary judgment, along with all briefs and declarations submitted in support of those motions." *Id.* at 3.

Last night, the parties filed their letters in response to the Court's July 23, 2020 Order. *See* ECF No. 90 ("July 28th Gov't Letter"); ECF No. 91 ("Pls.' Letter"). Defendants contend that "these actions are now moot and should be dismissed." July 28th Gov't Letter 1. They do

---

[1]   All docket references are to 20-CV-1127 (JMF).

not otherwise address the revelations in their letter of July 23, 2020, except to state that they do not affect the mootness analysis. *See id.* at 2. Plaintiffs argue that the cases are not moot, relying principally on the "voluntary cessation exception to the mootness doctrine" and noting that, on the very day that DHS admitted to revelations that undermined "the rationale" for Acting Secretary Wolf's original decision, he "publicly stated that the agency was *still* considering action against New York for its enactment of the Green Light Law." Pls.' Letter 1-2 (emphasis in original). Plaintiffs proposed "that the Court order a briefing schedule directing Defendants to make their mootness arguments in full," which they promised to oppose. *Id.* at 2.

Separate and apart from the question of whether these cases are now moot, Plaintiffs identified two other potential implications of the recent turn of events. First, Plaintiffs noted that they intend to seek attorney's fees and costs in this litigation and that the parties have agreed to confer in an effort to negotiate a settlement on that front. *See id.* They requested that the Court give them until August 10, 2020, to attempt to reach agreement. *See id.* Second, Plaintiffs indicated that, "depending in part on the resolution of the" mootness and fees issues, they "believe that further explanation or additional discovery may be warranted regarding what the agency knew and when about the false and misleading statements it made to this Court and Plaintiffs. To that end," they continued, "Plaintiffs expect to seek leave to take discovery or for an order directing Defendants to provide further explanation in the first instance." *Id.* at 2-3.

In light of these developments, and upon review of the parties' submissions, the Court orders as follows:

- Defendants' motions to dismiss and for summary judgment, along with all briefs and declarations submitted in support of those motions, are withdrawn;[2]

---

[2] To be clear, however, all of Defendants' briefs and declarations shall remain on the docket, not only because — although withdrawn — they remain part of the record in these cases, but also because, as discussed below, they may be the subject of further inquiry.

- The parties shall formally brief the question of whether these cases should be dismissed as moot pursuant to the following schedule:

    o No later than **August 7, 2020**, Defendants shall file a memorandum of law, not to exceed twenty pages, addressing why the Court should dismiss these cases as moot;

    o No later than **August 17, 2020**, Plaintiffs shall file their opposition memorandum of law, not to exceed twenty pages; and

    o No later than **August 21, 2020**, Defendants shall file any reply, not to exceed eight pages.

- In the event that the Court determines the cases are not moot, Plaintiffs' cross-motion for summary judgment shall be treated as unopposed. To that end, no later than **August 7, 2020**, Defendants shall submit a letter, not to exceed two pages, addressing whether (in the event that the Court rules the cases are not moot) it can and should consider, in connection with that motion, the disclosures in Defendants' letter of July 23, 2020, and their concession "that the rescinded TTP Decision is not legally supportable." July 28 Gov't Letter 3. No later than **August 11, 2020**, Plaintiffs may file a letter in response; and

- The parties shall confer in good faith in an effort to settle Plaintiffs' claims for attorney's fees and costs and, absent a settlement, shall file a joint letter on **August 10, 2020**, proposing a briefing schedule for a fees motion.

That leaves the question of what, if anything, the Court should do in connection with Defendants' deeply troubling revelations that statements and representations they made in these cases — statements and representations that, by their own admission, formed "*the* rationale" for DHS's original decision and went to the heart of the issues in dispute — were "inaccurate" and "misleading." July 23rd Gov't Letter 2-3 (emphasis added). Plaintiffs indicate that they "expect to seek" further information on that front. *Id.* at 3. And regardless, as they note, *see id.* at 3 n.3, the Court has inherent authority to conduct an independent inquiry into the matter, *see, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("[A] court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud."). But,

for the most part, the Court agrees with Plaintiffs that any such inquiry can and should be deferred until after the questions of mootness and fees are addressed, if not resolved.[3]

That said, the Court finds that a limited inquiry is appropriate now, if only to aid the Court in deciding later whether and to what extent a more detailed inquiry is warranted. Moreover, Defendants' letter of July 23, 2020, does not, as they suggest, fully "correct the record," as it conspicuously proffers only a few examples of inaccurate and misleading statements and does not even purport to provide an exhaustive list. July 23rd Gov't Letter 3. For the sake of ensuring an accurate record and to help the Court in deciding how to proceed down the line, therefore, it is necessary for Defendants to make a comprehensive record of any and all "inaccurate" or "misleading" statements in their prior submissions. Accordingly, no later than **August 12, 2020**, Defendants shall file a comprehensive and detailed report that:

1. Lists *any and all* inaccurate or misleading statements or representations in the record;

2. Explains, with respect to each such statement, why it is inaccurate or misleading;

3. Identifies, with respect to each such statement, who made the statement and/or was responsible for the content of the statement;

4. Summarizes, with respect to each such statement, what due diligence, if any, counsel for Defendants conducted before filing the document(s) containing the statement to determine whether the statement was accurate;

5. Identifies when and how counsel for Defendants learned about the inaccurate and misleading statements, including but not limited to who at DHS contacted counsel

---

[3] It is important to note that even if Defendants are correct and these cases must be dismissed as moot, the Court would retain jurisdiction to pursue such an inquiry and take appropriate action. *See, e.g.*, *Covanta Onondaga Ltd. P'ship v. Onondaga Cty. Res. Recovery Agency*, 318 F.3d 392, 396 (2d Cir. 2003) ("[A] court that has concluded its adjudication of the merits of a case within its jurisdiction by entering a final judgment retains authority to take action with respect to some collateral matters related to the case, such as attorney's fees and costs, and sanctions." (citations omitted)); *see also State of New York v. U.S. Dep't of Commerce*, — F. Supp. 3d —, No. 18-CV-2921 (JMF), 2020 WL 2564933 (S.D.N.Y. May 21, 2020) (imposing sanctions on the defendants following entry of final judgment).

        about the statements on July 17, 2020; and

6.      Describes who, when, and how DHS discovered that the record in these cases contained inaccurate and misleading statements.

To the extent that any declaration was filed in these cases with inaccurate or misleading statements, Defendants shall, by the **same date**, file a new declaration from the same declarant describing, with particularity, (1) how the prior declaration came to include such statement or statements; (2) what steps the declarant took, prior to signing the declaration, to confirm the accuracy of the statement or statements; and (3) when and how the declarant learned that the statement or statements were inaccurate or misleading.  The Court otherwise leaves it to Defendants to decide in the first instance whether their report should take the form of, or be supported by, a sworn declaration.  But either way, the person or persons responsible for the content of the report should be prepared to testify about how it was compiled in the event that the Court determines that is appropriate.  Finally, no later than **August 19, 2020**, Plaintiffs may file a letter in response to Defendants' report, indicating whether they have reason to believe that Defendants made inaccurate or misleading statements beyond those identified in the report.

      The Clerk of Court is directed to terminate (1) ECF Nos. 29 and 67 in 20-CV-1127 (JMF) and ECF Nos. 32 and 73 in 20-CV-1142 (JMF) as withdrawn; and (2) ECF No. 70 in 20-CV-1127 (JMF) and ECF No. 76 in 20-CV-1142 (JMF) as moot.

      SO ORDERED.

Dated: July 29, 2020  
      New York, New York

                                    JESSE M. FURMAN  
                                    United States District Judge