



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 7, 2020

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *New York v. Chad F. Wolf, et al.*, No. 20 Civ. 1127 (JMF) (S.D.N.Y.)
             *Lewis-McCoy, et al. v. Chad Wolf, et al.*, No. 20 Civ. 1142 (JMF) (S.D.N.Y.)

Dear Judge Furman:

      This Office represents the Defendants in the above-referenced actions. We write respectfully in response to the Court's July 29, 2020 order, Dkt. No. 92,[1] to address "whether (in the event the Court rules that the cases are not moot) it can and should consider, in connection with [Plaintiffs' motion for summary judgment], the disclosures in Defendants' letter of July 23, 2020, and their concession 'that the rescinded TTP Decision is not legally supportable.'" *Id.* at 4. For the reasons explained below, Defendants' disclosures and concessions are properly before the Court should the need arise for it to adjudicate Plaintiffs' motion for summary judgment.

      Defendants' July 23, 2020 letter presented factual revelations that "undermine[d] a central argument in defendants' briefs and declarations to date." Dkt. No. 89 at 2. Specifically, in response to questions posed by counsel in connection with then-ongoing summary judgment briefing, the Department of Homeland Security ("DHS") determined that several states and territories, as well as the District of Columbia, did not share DMV driver history information with U.S. Customs and Border Protection ("CBP") in order to vet TTP applicants. *Id.* In addition, two territories do not provide DMV-related data to Nlets, resulting in the same level of access that CBP has for such data from New York. *Id.* And new information regarding an information-sharing restriction agreed to by CBP in California led DHS to acknowledge that it was no longer appropriate to rely on the information-sharing restriction imposed by the April 3, 2020 amendment to the Green Light Law as a basis for continuing to maintain the TTP Decision. *Id.*[2] On July 28, 2020, Defendants submitted a second letter which, among other things, conceded "that the rescinded TTP Decision is not legally supportable." Dkt. No. 90 at 2.

---

[1] Citations refer to the docket in *New York v. Wolf*, No. 20 Civ. 1127 (JMF) (S.D.N.Y.).

[2] Pursuant to the Court's July 29, 2020 order, this Office is compiling a comprehensive report of the inaccurate and misleading statements reflected on the record of these matters.

Defendants' July 23, 2020 and July 28, 2020 letters reflect the formal position of DHS and can be considered in this litigation. *See Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) ("Facts admitted by a party are judicial admissions that bind that party throughout the litigation.") (quotation marks and alterations omitted). Those statements can also be considered by the Court as admissions by counsel. *See Best v. Dist. of Columbia*, 291 U.S. 411, 415 (1934) ("The power of the court to act upon facts conceded by counsel is as plain as its power to act upon evidence produced.").

For those reasons, the Court may properly consider Defendants' July 23 and July 28, 2020 letters should the need arise for it to adjudicate Plaintiffs' motion for summary judgment, or for any other purpose.

We thank the Court for its consideration of this letter.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By:   /s/ Zachary Bannon
ZACHARY BANNON
ELIZABETH KIM
CHRISTOPHER CONNOLLY
Assistant United States Attorneys
86 Chambers St. 3rd Floor
New York, New York 10007
Tel.:   212-637-2728, 2745, 2761
Fax:   212-637-2717
E-mail: Zachary.Bannon@usdoj.gov
          Elizabeth.Kim@usdoj.gov
          Christopher.Connolly@usdoj.gov