IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NEW YORK )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>CHAD F. WOLF, et al. )<br>)<br>Defendants. )<br>) | No. 1:20-cv-1127 | |
| LEWIS-MCCOY, et al. )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>CHAD WOLF, et al. )<br>)<br>Defendants. )<br>) | No. 1:20-cv-1142 | |

**DECLARATION OF DAVID R. DOREY**

I, David R. Dorey, for my declaration pursuant to 28 U.S.C. § 1746, hereby state and depose as follows:

1. I am Chief of Staff for Strategy, Policy, and Plans within the U.S. Department of Homeland Security (DHS). I have held this position since December 2019. In this position, I manage the Office of Strategy, Policy, and Plans, which is responsible for leading, conducting, and coordinating the development and implementation of department-wide strategies, policies, and strategic planning for DHS's missions. The Office promotes and ensures quality, consistency, and integration of DHS programs, offices, and activities across the entire Department, working not only within the Department but also with other government agencies, both domestically and

internationally. In my role, I coordinate and advise on the Office's initiatives and policy goals, ensuring that the Office further its, and the Department's, missions.

2. The matters contained in this declaration are based upon my review of the September 4, 2020, report authored by Executive Assistant U.S. Attorney John McEnany, and the supplemental declaration of Deputy Commissioner of U.S. Customs and Border Protection Robert Perez, submitted in *New York v. Wolf, et al.*, Case No. 1:20-cv-1127, and *Lewis-McCoy, et al. v. Wolf, et al.*, Case No. 1:20-cv-1142, in the United States District Court for the Southern District of New York. The matters contained in this declaration are further based upon my personal knowledge, my knowledge of the documents kept by DHS in the course of ordinary business, and on information provided to me by other DHS employees in the course of my official duties as Chief of Staff. I have been delegated the authority of the Secretary of Homeland Security to assert the deliberative process privilege on behalf of DHS, and I submit this declaration to formally assert that privilege for purposes of the above-mentioned litigation.

3. The purpose of this declaration is to explain the harm to the government that would be caused by the release of the deliberative process privileged information included on the government's privilege log in the above-captioned litigation. This information has been withheld as advice, recommendations, and opinions that are part of the deliberative, consultative, and decision-making process of the government.[1] I have personally reviewed the documents and redactions in them.

4. The declaration of Deputy Commissioner Perez contains one redaction made on the basis of deliberative process privilege. The redaction was made to a summary of deliberative, pre-decisional communications between CBP and DHS assessing "green light laws" enacted by

---

[1] Most of this information is also protected by other privilege(s) or protection(s), such as the attorney-client privilege, which is noted with particularity in each of the redactions.

various states. Such communications included series of questions from senior DHS leadership after the TTP decision was made seeking clarification and other information from CBP and other DHS components on whether and how they were operationally impacted by laws similar to the New York Green Light law enacted by other jurisdictions.

5. The September 4, 2020, report includes three redactions made on the basis of deliberative process privilege. The redactions, made on pages 12 and 14 of the report, are to summaries of deliberative, pre-decisional communications among DHS counsel, DHS component clients, and high-ranking DHS decisionmakers, reflecting the exchange of potential policy options and potential responses to the April 2020 amendment to New York's Vehicle & Traffic Law, Section 201.12. Following the amendment, DHS assessed its impact on DHS components and their operations.

6. Exposure of this information would hinder the willingness of agency personnel, including senior agency officials, to engage in frank discussions or to voice concerns or disagreements with proposed courses of action out of concern that their pre-decisional opinions would be subject to public scrutiny. Exposure of such information leads to the real danger that officials will instead either significantly suppress the intensity of their opinions or objections or fail to raise their concerns at all. Allowing this information to become public would substantially undermine the mission of DHS.

7. Additionally, providing Plaintiffs with information or documents containing descriptions of unimplemented ideas, proposals, and recommendations is confusing and has the potential to mislead. Ultimately, disclosure of confusing and potentially misleading material could chill officials' future candor in decision-making.

8. For the foregoing reasons, and based upon my personal consideration of the matter, including the documents placed at issue by Plaintiffs, I have concluded that government disclosure of the internal, government information described in this declaration would chill the candid discussion of contemplated policies and decisions for the reasons discussed above. Without such candid discussion, agency decisionmaking will suffer.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 21, 2020.

_____
David R. Dorey
Washington, D.C.