October 9, 2020

<u>Via ECF</u>

The Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re:   <u>Plaintiffs' letter regarding mootness in *State of New York v. Wolf*, 20 Civ. 1127, and *Lewis-McCoy v. Wolf*, 20 Civ. 1142</u>

Dear Judge Furman:

Following Defendants' filing yesterday evening of a letter describing recent efforts by CBP to resolve the residual effects of the TTP Ban, *see* ECF No. 121[1], the Court ordered Plaintiffs to address whether they believe these cases are now moot.  *See* ECF No. 122.  They are not.  In their July 28, 2020 letter to this Court, Plaintiffs explained why Defendants' rescission of the TTP Ban did not moot this litigation.  *See* ECF No. 91.  These same mootness arguments apply with equal or greater force now.  And Defendants do not purport to have fully undone the impact of their unlawful conduct.  Accordingly, these cases remain live and this litigation should proceed.

As Plaintiffs explained in their July 28 letter, the voluntary cessation doctrine applies to Defendants' abrupt rescission of the TTP Ban.  *See id.* at 1 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 189 (2000)).  Defendants have fallen far short of their "formidable burden of showing that it is *absolutely clear* the alleged wrongful behavior could not reasonably be expected to recur."  *Laidlaw*, 528 U.S. at 190 (emphasis added).  Even now, they offer no assurance they will not reimpose the Ban just as quickly as they lifted it.  *See Brooklyn Ctr. for Indep. of Disabled v. Bloomberg*, 980 F. Supp. 2d 588, 651 (S.D.N.Y. 2013) (Furman, J.).  Nothing about the remedial measures Defendants described yesterday changes that analysis.

To the contrary, recent statements by Defendants and their representatives continuing—even now—to defend their purported rationale for the TTP Ban give further reason to think Defendants will reinstate the Ban.  In their August 31 letter to the Court, Defendants advised that CBP "is continuing to evaluate the means by which it can obtain DMV information in order to vet all Trusted Traveler Program applicants."  ECF No. 110.  And in a transparent attempt to lay groundwork for future agency action tying TTP eligibility to DMV data sharing, Defendants' September 4 report to this Court repeatedly resists the obvious conclusion that DMV data is unnecessary for TTP vetting.  *See* ECF No. 113 at 4.  Similarly, at a congressional hearing

---

[1] All docket references are to *New York v. Wolf*, No. 20 Civ. 1127.

concerning the TTP Ban on September 30, CBP Deputy Commissioner Robert Perez represented that by denying DMV data access to CBP, New York's Green Light Law continues to have unique operational impacts on CBP.  *See Examining DHS' Management of Trusted Traveler Programs*, video at 52:30, HOUSE COMM. ON HOMELAND SEC. (Sept. 30, 2020), https://homeland.house.gov/examining-dhs-management-of-trusted-traveler-programs.  That Defendants continue to traffic in the same mistruths they used to support the TTP Ban serves only to underscore why the voluntary cessation doctrine applies here.

"These cases also remain live for the separate reason that Plaintiffs may be entitled to additional relief for Defendants' imposition and maintenance of a ban that they have now conceded was without factual foundation."  ECF No. 91 at 2.  The parties' submissions regarding Defendants' misrepresentations in this litigation remain pending before this Court, and potentially bear on further relief that the Court may award to Plaintiffs in the form of sanctions.  *See Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 307–08 (2012) ("A case becomes moot only when it is impossible for a court to grant *any* effectual relief whatever to the prevailing party. As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.") (emphasis added) (internal quotation marks, citations, and alteration omitted)).

Finally, even Defendants do not contend that the remedial efforts described in yesterday's letter have fully erased the "lingering operational effects" on Plaintiffs of the TTP Ban.  ECF No. 94 at 2.  Nor could they, given that the letter itself provides an example of precisely such a lingering operational effect.  *See* ECF No. 121 at 1 n.2 (describing 50 TTP applicants whose applications were "likely" submitted in hard copy and have not been restored to the TTP portal).  This example alone suffices to clarify that lingering operational effects remain as a result of the TTP Ban, CBP's efforts to remedy Defendants' unlawful conduct notwithstanding.

For the foregoing reasons, the developments described in Defendants' letter to the Court yesterday evening do not change the fact that these cases remain live and the litigation should proceed.

Respectfully submitted,


NEW YORK CIVIL LIBERTIES UNION FOUNDATION

*Antony P. F. Gemmell*
Antony P. F. Gemmell
Molly K. Biklen
Jordan Laris Cohen
Jessica Perry
125 Broad Street, 19th Floor
New York, New York 10004
212-607-3300
agemmell@ncylu.org

*Attorneys for Plaintiffs in 20 Civ. 1142*

LETITIA JAMES
*Attorney General of the State of New York*

*/s/ Daniela L. Nogueira*
Daniela L. Nogueira, *Assistant Attorney General*
Matthew Colangelo, *Chief Counsel for Federal Initiatives*
Elena Goldstein, *Deputy Chief, Civil Rights Bureau*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

*Attorneys for Plaintiff in 20 Civ. 1127*