October 20, 2020

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      RE:    Joint letter regarding further remedies in *State of New York v. Wolf*, 20-CV-1127 (JMF), and *Lewis-McCoy v. Wolf*, 20-CV-1142 (JMF).

Dear Judge Furman,

      The parties submit this joint letter in response to the Court's order dated October 13, 2020, which granted Plaintiffs' unopposed cross-motion for summary judgment, vacated the Trusted Traveler Program Decision, and remanded the matter to DHS. ECF No. 124.[1] The Court's order further directed the parties to "confer and submit a joint letter addressing whether there is a need or basis for other remedies" in addition to vacatur and remand, and "if there is disagreement on the issue, proposing a procedure to resolve it." *Id.* at 13.

      *Plaintiffs' position.* Plaintiffs believe further relief in addition to vacatur and remand is warranted, and propose that their entitlement to that relief be briefed by letter-motions due on the schedule set out below.

      Vacatur and remand is the typical remedy in a successful APA challenge. 5 U.S.C. § 706(2); *see New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 671-72 (S.D.N.Y. 2019), *aff'd*, 139 S. Ct. 2551 (2019). But injunctive relief is also available to remedy an APA violation "where the principles of equity support such relief." *Id.* at 673. Although an injunction should not be granted in addition to vacatur and remand where doing so would "not have any meaningful practical effect independent of . . . vacatur," *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), Plaintiffs believe an injunction would have independent practical effect here.

      The Court's opinion granting Plaintiffs' motion for summary judgment identified two defects in the TTP decision—the agency entirely failed to consider important aspects of the problem, and made a decision counter to the evidence before the agency—based on the fact that several states and territories do not provide driving-related criminal history or do not participate in NLETS. *See* ECF No. 124 at 11-13. Absent an injunction, it is not clear that anything prevents Defendants from simply re-instituting a ban on New Yorkers' enrollment in the Trusted Traveler programs based on substantially similar reasoning or a substantially similar record— and indeed, Defendants have made clear that they may do so. *See* ECF No. 110. Plaintiffs therefore believe the Court should consider a permanent injunction that prohibits Defendants from reinstating any ban on enrollment based on a state or individual's agreement to provide the

---

[1] All docket references are to 20-CV-1127 (JMF).

information described above,[2] unless the agency cures the defects in its earlier decision (*i.e.*, the agency considers all important aspects of the problem and makes a decision consistent with the evidence before the agency).  *See New York*, 351 F. Supp. 3d at 676.  Plaintiffs also believe the Court should consider an injunction that prohibits DHS from re-instituting a ban on TTP enrollment without following the notice-and-comment requirements of the APA.  Thus, because the scope of injunctive relief may depend in part on whether the Court agrees with Plaintiffs that a violation of 5 U.S.C. § 706(2)(D) (without observance of procedure required by law) occurred here as well, Plaintiffs intend to ask the Court to reach decision on that claim for relief as part of any resolution of further remedies.

Plaintiffs propose that their motion for injunctive relief or other remedies be filed by October 27, 2020; that Defendants file any opposition by November 3, 2020; and that Plaintiffs file any reply if and when directed by the Court.  (Plaintiffs do not oppose a longer briefing schedule if Defendants can state that they will not re-institute a ban on Trusted Traveler Program enrollment before this Court has had an opportunity to consider Plaintiffs' request for injunctive relief.)

*Defendants' position.*  In light of plaintiffs' intention to seek further relief from the Court, defendants agree that additional briefing is necessary.  But defendants request a longer schedule than what plaintiffs have proposed.  Plaintiffs intend to seek an injunction against defendants that will sweep more broadly than the vacatur of the TTP Decision already ordered by the Court, limiting CBP's discretion to implement any new policies related to the collection of DMV records for TTP vetting purposes.  Further, plaintiffs intend to argue that the Court should enter judgment against defendants on additional claims, including plaintiffs' claim that the TTP Decision violated the Administrative Procedure Act's notice-and-comment rulemaking provision.  These important issues warrant full briefing, and the parties will be better equipped to provide that briefing if given more than one week to do so.

Moreover, the truncated briefing schedule plaintiffs propose is not necessary under the circumstances.  CBP has not made any policy changes related to the collection of DMV records directly from New York residents for purposes of TTP vetting, and does not plan to do so in the next two months.  Indeed, even if CBP were to adopt a policy change, implementation of the new policy would likely take several months.[3]  As such, there is no need for the parties to brief these issues on plaintiffs' highly expedited timeframe.

Accordingly, defendants respectfully request that the Court enter the following briefing schedule:

---

[2] Plaintiffs do not take the position that Defendants' reliance on any DMV records that complies with New York's Green Light Law Amendment should be enjoined.

[3] Defendants have agreed in related litigation in the District of Columbia not to "prohibit residents of New York from participating in Global Entry or other Trusted Traveler Programs on the basis of New York's refusal, as described in the February 5 Letter, to provide Defendants with access to New York State DMV records."  *Dimaio v. Wolf*, No. 20 Civ. 445 (RJL), Dkt. No. 30-2 ¶ 2 (D.D.C. Aug. 25, 2020).

- Plaintiffs shall submit any motion for additional relief by November 6, 2020; and
- Defendants shall submit any opposition to plaintiffs' requested relief by November 24, 2020.

Plaintiffs' counsel have indicated that they anticipate having an influx of election-related work over the next month.  Defendants are happy to accommodate their work by extending the briefing schedule in a manner that does not interfere with their other, important matters.

    Respectfully submitted,

    LETITIA JAMES
    *Attorney General of the State of New York*

    By: */s/ Matthew Colangelo*
    Matthew Colangelo
    Elena Goldstein
    Daniela L. Nogueira
    Office of the New York State Attorney General
    28 Liberty Street
    New York, NY 10005
    Phone: (212) 416-6057
    matthew.colangelo@ag.ny.gov

    Attorneys for Plaintiff in 20-CV-1127


    NEW YORK CIVIL LIBERTIES UNION FOUNDATION

    By: */s/ Jordan Laris Cohen*
    Antony P.F. Gemmell
    Molly K. Biklen
    Jessica Perry
    Jordan Laris Cohen
    Christopher T. Dunn
    125 Broad Street, 19th Floor
    New York, NY 10004
    212-607-3300
    agemmell@nyclu.org

    Attorneys for Plaintiffs in 20-CV-1142


    AUDREY STRAUSS
    Acting United States Attorney for the
    Southern District of New York

    By:    */s/ Zachary Bannon*

ZACHARY BANNON
ELIZABETH KIM
CHRISTOPHER CONNOLLY
Assistant United States Attorneys
86 Chambers St. 3rd Floor
New York, New York 10007
Tel.:   212-637-2728, 2745, 2761
Fax:   212-637-2717
E-mail: Zachary.Bannon@usdoj.gov
Elizabeth.Kim@usdoj.gov
Christopher.Connolly@usdoj.gov

Attorneys for the Defendants

If the parties can agree on a stipulation that would provide Plaintiffs with the assurances they seek pending a final ruling (which, in the Court's view, should be feasible given Defendants' statements above and in the D.C. litigation), the Court is prepared to adopt Defendants' less aggressive briefing schedule. In the meantime, however, Plaintiffs' proposal is adopted. Accordingly, Plaintiffs shall file their motion for injunctive relief or other remedies by October 27, 2020; Defendants shall file any opposition by November 3, 2020 (even though the Court is closed on that date for Election Day); and Plaintiffs shall file any reply by November 6, 2020. If the parties reach agreement on a stipulation, they should include a modified briefing schedule in the stipulation and submit it to the Court to be so ordered.

SO ORDERED.

October 21, 2020