December 3, 2020

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

>    RE:   Plaintiffs' joint opposition to Defendants' December 2, 2020, motion for a protective order in *State of New York v. Wolf*, 20-CV-1127 (JMF), and *Lewis-McCoy v. Wolf*, 20-CV-1142 (JMF).

Dear Judge Furman,

Plaintiffs write pursuant to Rule 1(A) of this Court's Individual Rules and Practices to oppose Defendants' December 2, 2020, motion for a protective order. ECF No. 131.[1]

On November 24, 2020, Defendants filed a letter with the Court advising for the first time that two additional jurisdictions not previously identified, American Samoa and the Commonwealth of the Northern Mariana Islands, "have not been returning information responsive to Nlets Driver's License, Vehicle Registration, and Driver History queries." ECF No. 130. This revelation came months after the Court ordered Defendants to "file a comprehensive and detailed report" that, among other requirements, "[l]ists *any and all* inaccurate or misleading statements or misrepresentations in the record." ECF No. 92.

On December 2, Defendants filed a new declaration from Pete R. Acosta, CBP's Director of Trusted Traveler Programs, to explain how these jurisdictions were omitted from Defendants' prior reports, in contradiction to "prior statements that indicated that CBP had determined whether it had access to DMV information via Nlets for *all* domestic jurisdictions." ECF No. 132 at ¶ 5. Mr. Acosta stated that "CBP sincerely regrets the error and recognizes the gravity of this omission." *Id.* at ¶ 16.

Three paragraphs in Mr. Acosta's December 2 declaration are redacted in part. *Id.* ¶¶ 6, 9, 12. Defendants concurrently filed a request for a protective order indicating that the redacted information is being withheld on a claim of attorney client privilege and work product protection. ECF No. 131. The request for a protective order should be denied for the same reasons Plaintiffs raised in opposition to Defendants' earlier requests for a protective order. ECF Nos. 114, 120.

First, Defendants have not presented sufficient information to explain why their proposed redactions are justified, and accordingly cannot overcome the presumption in favor of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also* Sept. 14, 2020 Order at 1–2 (ECF No. 116).

---

[1] All docket references are to 20-CV-1127 (JMF).

Second, the attorney-client privilege does not apply because the redacted information appears to include unprotected factual information, ECF No. 132 at ¶ 6 (redacting explanation of how CBP "[d]etermin[ed] CBP's access to each domestic jurisdiction's DMV data"), and does not appear to reflect communications "for the purpose of obtaining or providing legal assistance," *Brennan Ctr. for Justice v. DOJ*, 697 F.3d 184, 207 (2d Cir. 2012). Rather, these communications were undertaken for the purpose of responding the Court's order directing a comprehensive investigation. ECF No. 120 at 2–5. And any privilege that would apply is vitiated by the crime-fraud exception for reasons previously explained. *Id.* at 5–8.

Third, the work product protection does not apply because that qualified protection is overcome by the "public policy support[ing] reasonable and necessary inquiries" into Defendants' false statements in the course of this litigation, *Hickman v. Taylor*, 329 U.S. 495, 497 (1947), and in any event does not protect the apparently factual information included in Mr. Acosta's new declaration, ECF No. 132 at ¶¶ 6, 9, 12; *see also* ECF No. 120 at 10–12.

Finally, Defendants waived any claims of privilege or work product protection by disclosing purportedly protected information to the Court without leave. ECF No. 120 at 21–23 (citing cases). And—as before—Defendants ignored this Court's rules regarding requests to file redacted documents. *See* Individual Rule 7(C)(i). Defendants never apprised Plaintiffs of their intent to redact portions of the December 2 Acosta Declaration, and never sought to meet and confer in order "to narrow the scope of the request." *Id.*

Plaintiffs respectfully request that the Court deny Defendants' motion for a protective order and direct that the unredacted Acosta Declaration be provided to Plaintiffs and filed publicly on the docket of this action.

Respectfully submitted,

LETITIA JAMES
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo, *Chief Counsel for Federal Initiatives*
Elena Goldstein, *Deputy Chief, Civil Rights Bureau*
Daniela L. Nogueira, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

Attorneys for Plaintiff in 20-CV-1127


NEW YORK CIVIL LIBERTIES UNION FOUNDATION

By: */s/ Antony P.F. Gemmell*
Antony P.F. Gemmell
Molly K. Biklen
Jessica Perry
Jordan Laris Cohen
Christopher T. Dunn
125 Broad Street, 19th Floor
New York, NY 10004
212-607-3300
agemmell@nyclu.org

Attorneys for Plaintiffs in 20-CV-1142