UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
STATE OF NEW YORK, :
:
:
Plaintiff, :
: 20-CV-1127 (JMF)
-v- :
:
:
CHAD F. WOLF, *in his official capacity as Acting* :
*Secretary of Homeland Security*, et al., :
:
Defendants. :
:
------------------------------------------------------------------------X
:
R. L'HEUREUX LEWIS-MCCOY et al., *on behalf of* :
*themselves and all similarly situated individuals*, :
:
: 20-CV-1142 (JMF)
Plaintiffs, :
:
:
-v- : MEMORANDUM OPINION
: AND ORDER
CHAD F. WOLF, *in his official capacity as Acting* :
*Secretary of Homeland Security*, et al., :
:
Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiffs in these two lawsuits challenged a decision of the U.S. Department of Homeland Security ("DHS"), announced in a February 5, 2020 letter (the "TTP Decision"), s*ee* ECF No. 75-1 ("AR"), at 1-3, to suspend the eligibility of all New York residents to enroll or re-enroll in the Trusted Traveler Programs ("TTPs") operated by U.S. Customs and Border Protection ("CBP").[1] On October 13, 2020, the Court issued an Opinion and Order, familiarity with which is assumed, granting Plaintiffs' motion for summary judgment, vacating the TTP

---

[1] Unless otherwise noted, all references to docket entries are to 20-CV-1127.

Decision and remanding the matter to DHS.  *See New York v. Wolf*, Nos. 20-CV-1127 (JMF), 20-CV-1142 (JMF), 2020 WL 6047817, at *6 (S.D.N.Y. Oct. 13, 2020) (ECF No. 124).  In so doing, the Court held that the TTP Decision was (1) reviewable under the Administrative Procedure Act (the "APA") and (2) "plainly arbitrary and capricious" because "Defendants' *own* admissions establish[ed] that, at the very least, DHS 'entirely failed to consider an important aspect of the problem' and 'offered an explanation for its decision that r[an] counter to the evidence before the agency.'"  *Id.* (quoting *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)) (second alteration in original).  The Court ordered the parties to "confer and submit a joint letter addressing whether there is a need or basis for additional remedies."  *Id.*

In their letter, Plaintiffs indicated that "the Court should consider a permanent injunction that prohibits Defendants from reinstating any ban on enrollment based on a state or individual's agreement to provide" information from certain Department of Motor Vehicle ("DMV") records "unless the agency cures the defects in its earlier decision" and that "prohibits DHS from re-instituting a ban on TTP enrollment without following the notice-and-comment requirements of the APA."  ECF No. 125, at 1-2.  On October 26, 2020, the parties entered into a stipulation whereby "CBP w[ould] not re-institute a ban on [TTP] enrollment for New York residents before this Court has had an opportunity to consider [P]laintiffs' request for injunctive relief" and agreed to a formal briefing schedule.  ECF No. 128, at 2-3.[2]  Now pending is Plaintiffs' motion for injunctive relief that followed.  ECF No. 129 ("Pls.' Mem.").

---

[2]  In related litigation in the U.S. District Court for the District of Columbia, Defendants agreed not to "prohibit residents of New York from participating in Global Entry and other [TTPs] on the basis of New York's refusal, as described in the [TTP Decision], to provide Defendants with access to New York State DMV records."  Am. Settlement Agreement, *DiMaio v. Wolf*, No. 20-CV-445 (RJL), ECF No. 36-1, at 3 ¶ 2 (D.D.C. Dec. 11, 2020); *see also DiMaio*

Substantially for the reasons stated in Defendants' brief, ECF No. 135 ("Defs.' Mem."), Plaintiffs' motion is denied.  First, this is not a case in which injunctive relief is warranted.  "By the [APA's] plain terms . . . the 'normal remedy' in a successful APA challenge is to set aside — that is, vacate — the final agency action at issue."  *New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 671 (S.D.N.Y.) (collecting cases), *aff'd sub nom. Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019).  Although courts may enjoin agency action in APA challenges when equitable principles justify that step, *see id.* at 672-73, "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course," *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010).  "If a less drastic remedy (such as partial or complete vacatur of [the agency's] decision) [i]s sufficient to redress [Plaintiffs'] injury, no recourse to the additional and extraordinary relief of an injunction [i]s warranted."  *Id.* at 165-66.

Plaintiffs here fail to demonstrate that vacatur and remand is insufficient to redress their injuries.  In *Department of Commerce*, this Court concluded, in its discretion, that a permanent injunction was warranted in an APA challenge because "granting an injunction would have two practical effects beyond mere vacatur of" the Secretary of Commerce's memorandum adding a question on citizenship status to the Census questionnaire.  351 F. Supp. 3d at 676.  First, an injunction would "prevent Secretary Ross from arriving at the same decision without curing the problems identified" by the Court.  *Id.* (emphasis omitted).  And "[s]econd, . . . an injunction w[ould] make it easier for [the] [p]laintiffs to seek immediate recourse from this Court in the event that [the] [d]efendants seek to do anything inconsistent with" the Court's opinion, an ability that was "critical" given "the looming printing deadline" for the census questionnaire.  *Id.*

---

*v. Wolf*, No. 20-CV-445 (RJL), ECF No. 37 (D.D.C. Dec. 15, 2020) (incorporating the parties' settlement agreement).

3

Here, by contrast, Defendants themselves rescinded the TTP Decision and conceded that new "revelations" had "undermine[d] a central argument" in Defendants' filings before this Court — namely, "that CBP is not able to assure itself of an applicant's low-risk status because New York fails to share relevant DMV information with CBP for TTP purposes." ECF No. 89, at 2. That argument had "supplie[d] *the* rationale for the TTP Decision." *Id.* (emphasis added). Thus, there is little to no risk of Defendants "simply re-issuing [the TTP Decision] under a new date." *Dep't of Commerce*, 351 F. Supp. 3d at 676. Nor is there a "looming . . . deadline" that necessitates giving Plaintiffs the ability "to seek immediate recourse from this Court in the event that Defendants seek to do anything inconsistent" with the Court's Opinion. *Id.*[3] Under these circumstances, Plaintiffs have not shown that "recourse to the additional and extraordinary relief of an injunction [i]s warranted." *Monsanto Co.*, 561 U.S. at 166.

Second, and in any event, the proposed injunction is overbroad. Plaintiffs request an injunction that would "prohibit Defendants from reinstating any ban on TTP enrollment based on a state or individual's provision of DMV records, unless the agency cures the defects identified by the Court in its summary judgment opinion (*i.e.*, the agency considers all important aspects of the problem and makes a decision consistent with the evidence before the agency)" and would "further enjoin Defendants from amending the TTP eligibility requirements without abiding by the APA's notice-and-comment requirements." Pl.'s Mem. 10. In effect, therefore, Plaintiffs — the State of New York and a class of New York residents — seek to convert the Court's vacatur of a decision affecting only New York residents into a nationwide injunction on "any ban on

---

[3] Plaintiffs effectively concede as much, arguing instead that the existence of some exigency is not a necessary condition for the issuance of injunctive relief in an APA case. *See* ECF No. 136 ("Pls.' Reply), at 4-5. Although that may be true, the absence of "'some "exigency' such as a 'looming deadline,'" *id.* at 4, weighs heavily against departing from "the 'normal remedy' in a successful APA challenge," *Dep't of Commerce*, 351 F. Supp. 3d at 671.

TTP enrollment based on" any state's provision of DMV records. *Id.* But such a broad injunction is unnecessary and inappropriate. To the extent DHS's "underlying rationale — Defendants' false claim that DMV records are important to TTP vetting"— for the TTP Decision "could be deployed in any number of future iterations of the Ban whether or not those iterations target New York alone," Pl.'s Reply 6, "any party aggrieved by a hypothetical future [TTP eligibility] decision will have ample opportunity to challenge it, and to seek appropriate preliminary relief, if and when such a decision is made," *Monsanto Co.*, 561 U.S. at 164.

In short, Plaintiffs' injuries have been, or will be, fully remedied by the TTP Decision's rescission and vacatur, *see* Defs.' Mem. 3 & n.5, and Plaintiffs fail to demonstrate that a departure from the APA's standard remedy of vacatur and remand is warranted.[4]

The Clerk of Court is directed to terminate 20-CV-1127, ECF No. 129 and 20-CV-1142, ECF No. 127.[5]

SO ORDERED.

Dated: January 19, 2021
New York, New York

JESSE M. FURMAN
United States District Judge

---

[4] In light of that, it is unnecessary for the Court reach Plaintiffs' alternative argument for relief: that the TTP Decision violated the APA's notice-and-comment provisions. Pls.' Mem. 7-10; Pls.' Reply 7-10; *see Immigration & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *In re Surface Mining Regulation Litig.* 627 F.2d 1346, 1360 n.16 (D.C. Cir. 1980) ("We need not address this procedural challenge because of our determination that the disputed interim regulation itself is without support in the record and therefore arbitrary and capricious."). Indeed, to do so would arguably be inappropriate. *See, e.g.*, *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947) ("[T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions.").

[5] The Court continues to reserve decision on what additional steps, if any, to take with respect to Defendants' admitted misrepresentations and with respect to Defendants' related request for a protective order. *See* ECF Nos. 92, 96, 100-09, 111-20, 130-34.